Kent v. Taggart.

---

## KENT v. TAGGART.

STATUTE OF LIMITATIONS.—*Exceptions to.*—*Pleading.*—*Demurrer.*—The fact that the cause of action stated in a complaint appears to be within the statute of limitations does not render the complaint insufficient on demurrer, unless it also affirmatively appears that it is not within any of the exceptions to the statute.

PARTITION.—*Administrator's Sale without Notice to Widow.*—*Adverse Possession.*—A sale of the whole of a decedent's real estate to pay debts, made by his administrator pursuant to an order of court in a proceeding to which the intestate's widow was not a party, passes to the purchaser no interest in her one-third; and possession thereof by the purchaser is not an adverse possession, but simply that of a tenant in common.

From the Morgan Circuit Court.

*G. A. Adams* and *J. S. Newby*, for appellant.

*W. S. Shirley*, for appellee.

SCOTT, J.—The appellant was the plaintiff, and on the 31st day of October, 1877, filed her complaint in two paragraphs. Demurrer to each paragraph sustained, and exceptions. First paragraph dismissed. Judgment for defendant. The second paragraph was as follows:

"For a second paragraph of complaint herein, plaintiff, complaining, says, that on the —— day ————, 1856, Thomas Kent died intestate at said county, seized in fee-simple of the following real estate situate in Morgan county, in the State of Indiana, to wit :" (Here the land is described.) "That he left surviving him his widow, Elizabeth Kent, the plaintiff in the above entitled action, but left no children surviving him ; that as such widow she is entitled to one-third of the above described real estate, as against creditors, in fee-simple; that on the —— day of ————, 1858, one Joseph Taggart, who was then and there acting administrator of the estate of said Thomas Kent, obtained an order from the probate court of said Morgan county, directing him to sell said premises, together with other lands, to pay the debts of said decedent; that, pursuant to said order, said Taggart did sell said lands described in this petition, on the —— day of ————, 1858, to John Taggart ; that the plaintiff was not made a party to the proceedings by said administrator to sell said land, nor did she have any notice whatever of the pendency of said application until after said land was sold by said administrator ; that the defendant, Joseph Taggart, purchased said land from said John Taggart and his grantees ; that this plaintiff's rights as widow of the said decedent were wholly ignored in the sale of said land, and said administrator sold the whole thereof, and did not account to this plaintiff for any of the proceeds thereof; and the plaintiff avers that she has never at any time sold or in any manner conveyed her

interest in said land ; that she now owns, in fee-simple, an undivided one-third thereof, and the defendant an undivided two-thirds of the same.   Wherefore she prays partition," etc.

There are some exceptions in our statute of limitations. From the complaint we are unable to say that none of the exceptions existed.

Query ?. Whether in such a case the statute ought not to be pleaded, so as to allow the plaintiff to reply the exceptions.   *Potter* v. *Smith*, 36 Ind. 231 ; *Cravens* v. *Duncan*, 55 Ind. 347 ; *Kent* v. *Parks*, 67 Ind. 53.

But as the real question to be determined in this cause will probably arise again in another form, and, as we think, properly arises in the record now before us, we will decide it.   It is contended by the appellee, that the facts set up in the complaint show that the plaintiff's cause of action is barred by the statute of limitations, and he relies upon the fourth subdivision of section 211, which we copy:

" *Fourth*.   For the recovery of real property sold by executors, administrators, guardians or commissioners of a court, upon a judgment specially directing the sale of property sought to be recovered, brought by a party to the judgment, his heirs, or any person claiming title under a party, acquired after the date of the judgment—within five years after the sale is confirmed."

The question presented under this statute is, Does this provision prevent a widow from recovering her one-third of the real estate of her deceased husband, after the expiration of five years, where the same had been sold by an administrator to pay debts, when she is not a party to the proceeding ?   The appellee claims that this question is settled by the case of *Vancleave* v. *Milliken*, 13 Ind. 105, and the case of *Vail* v. *Halton*, 14 Ind. 344.

Upon a careful examination of the case of *Vancleave* v. *Milliken*, it will be seen that the principle in that case

is not the same as in this. There, the suit was by the heirs, who had no interest in the property sold until the debts of the ancestor were paid. In this case, the suit is by the widow, who, on the death of her husband, owned one-third of the real estate, as against the creditors, and the administrator had no right to sell it, nor had the court any right to order her portion to be sold. So that the proceeding, she not being a party, was *coram non judice,* and the administrator's deed passed to the purchaser no part of the widow's interest, and such purchaser did not hold adversely, but was a tenant in common with the widow, and she was therefore entitled to partition under the facts in her complaint.

The judgment is reversed, with costs, and the cause is remanded, for further proceedings in accordance with this opinion.