## ELLIOTT ET AL. *v.* FRAKES.

### No. 7272.

JOINT TENANTS.—*Tenants in Common.*— One joint tenant or tenant in common may sue his co-tenant for the possession of his share of the land jointly owned or held in common.

DECEDENTS' ESTATES.— *Widow's Interest.—Parties to Actions.—Estoppel.*— A. died intestate, leaving a widow and children. The widow afterward died testate, devising her entire estate to B. and C., children of herself and A. Afterward, the administrator of A. filed his petition in the proper court for the sale of the land belonging to A.'s estate, for the payment of debts. All the children and heirs of A., including B. and C., were notified, and appeared to said petition. The court ordered a sale of all the real estate.

*Held,* that the order of sale was void as to the widow's interest in the real estate sold.

*Held,* also, that B. and C., having appeared to the petition as heirs of A. only, were not concluded by the order of sale, as devisees of the widow.

*Held,* also, that the fact that B. and C. received their distributive shares of the proceeds of such sale, as heirs of A., does not estop them to assert title against the purchaser, as devisees of the widow.

From the Howard Circuit Court.

*J. C. Blacklidge, W. E. Blacklidge* and *F. M. Gideon,* for appellants.

*M. Bell* and *M. McDowell,* for appellee.

NIBLACK, C. J.—The appellants brought this action against the appellee, to recover the undivided one-third part of an eighty-acre tract of land in Howard county.

The appellee demurred to the complaint, but, his de-

murrer being overruled, he answered in six paragraphs, the first being in general denial, and the rest setting up special matters in defence.

The appellants demurred severally to the second, third, fourth, fifth and sixth paragraphs of the answer, and their demurrer was overruled as to all of those paragraphs.

The appellee then withdrew the first paragraph of his answer, and, the appellants refusing to plead further, final judgment was rendered against them upon demurrer.

The appellants have assigned error upon the overruling of their demurrer to the several paragraphs of the answer, as above stated, and the appellee has assigned cross error upon the refusal of the court to sustain his demurrer to the complaint.

The complaint stated, that on the 20th day of September, 1854, one John Sipe died intestate, seized in fee of the eighty-acre tract of land in controversy ; that he left surviving him one Elizabeth Sipe, as his widow, who died testate, on the 19th day of February, 1856, seized in fee of the undivided one-third of the tract of land above named, by virtue of her marital relations with the said John Sipe, and naming in her last will and testament, as the devisees in equal parts thereof, the plaintiff Martin Sipe, and one Isaac Sipe ; that, on the 6th day of July, 1876, the said Isaac Sipe, sold and conveyed to the other plaintiff, Mary Elliott, all of his right, title and interest in and to said real estate ; that the plaintiffs were still the owners in fee and entitled to the possession of said undivided third part of the land of which John Sipe died seized ; that the defendant, Thomas Frakes, was entitled to the remaining undivided two-thirds thereof ; that the defendant held possession of that part of said real estate owned as aforesaid by the plaintiffs, without right, and denying their title thereto, keeping the plaintiffs out of

the possession thereof for seven years then last past. Wherefore the plaintiffs demanded judgment for the possession of the share in said lands sued for, and damages for the detention of such share in the same.

The objection urged to the complaint is, that one joint tenant, or tenant in common, can not sue his co-tenant for the possession of his share in the land jointly owned or held in common. But the authorities do not sustain this objection. On the contrary, it is a well settled rule of practice, that one joint tenant, or tenant in common, may thus sue his co-tenant. Adams Ejectment, with Waterman's notes, 4th ed., p. 135; *Bethell* v. *McCool*, 46 Ind. 303.

Other objections are incidentally suggested, but, in our estimation, nothing has been shown against the sufficiency of the complaint.

The third paragraph of the answer admitted that John Sipe died seized of the eighty-acre tract of land described in the complaint, and averred that, on the 4th day of March, 1856, one Henry A. Brouse was appointed administrator of the estate of the said John Sipe; that, on the 20th day of April, 1857, the said Brouse, as such administrator, filed his petition, in the court of common pleas of Howard county, for the sale of such lands, to pay debts against the estate; that all of the children and heirs at law of said John Sipe were made parties to said petition and duly notified of the pendency of the same; that the said Martin Sipe and Isaac Sipe, who were two of such children and heirs at law, appeared to said petition and answered the same; that on the 13th day of October, 1857, such proceedings were had, that it was ordered and directed by said court of common pleas, that said Brouse, administrator as aforesaid, should sell all of said tract of land for the payment of the debts against the said John Sipe's estate; that on the 15th day of December, 1857,

pursuant to said order of sale, the said Brouse duly sold all of said land to one Frederick Zilliox, for the sum of $1,500, that being more than the appraised value of said land, which sale was afterward approved and confirmed by the court; that, on the 4th day of January, 1859, the purchase-money having been paid, the said Brouse, by order of said court, conveyed said real estate to said Zilliox, who immediately took possession thereof; that the said Zilliox continued in the possession of the same until in the year 1864, when he sold said real estate to the defendant, who has ever since continued to hold and occupy the same; that, of the purchase-money of said tract of land, there remained, after paying the debts of the estate, the sum of $1,000, which was distributed amongst the said children and heirs at law of the said John Sipe, the said Martin Sipe and Isaac Sipe receiving their distributive shares, well knowing the same to be a portion of the proceeds of such real estate.

Wherefore it was claimed that the plaintiffs were estopped from maintaining their action against the defendant.

As has been seen, this paragraph of the answer did not deny, and hence admitted, as charged in the complaint, that John Sipe, at the time of his death, left a widow, to whom one-third of the land mentioned in the complaint descended in fee simple, and that this widow's one-third part had been devised to Martin Sipe and Isaac Sipe, two of the children of the said John Sipe.

Upon the facts thus admitted, the common pleas court of Howard county had no power to order the sale of more than two-thirds of the tract of land in question, for the payment of the debts and demands against the estate of John Sipe, and if the order of sale, set up in this paragraph of answer, purported to authorize and direct the sale of the whole tract, it was simply inoperative and void, as against the interest which descended to the widow.

But it is contended, that as Martin Sipe and Isaac Sipe were made defendants, and appeared, to the petition of Brouse, upon which the order of sale was made, they and those claiming under them are estopped from denying the authority of the common pleas court to order the sale of the whole of the land, and especially from setting up any claim of title to any portion of the land under the will of the widow, Elizabeth Sipe.

As a general rule, judgments conclude the parties only in the character in which they sue or are sued. Bigelow Estoppel, 65. This general rule is, we think, applicable to the proceedings relied on as an estoppel in this case.

Martin Sipe and Isaac Sipe were made defendants to the petition of Brouse, only as the children and heirs at law of John Sipe, and it was only in their character, and as to the estate which descended to them, as such children and heirs at law, that they were called upon to answer that petition. They were not required to appear or answer as the devisees of Elizabeth Sipe, and hence no issue was tendered to them as to their interests as such devisees. It follows, that, in their character as such devisees, they were not concluded by the order of sale.

But it is further contended, that, as Martin Sipe and Isaac Sipe received portions of the proceeds of the sale of the land, the appellants are at all events now estopped from asserting any title as against the purchaser or any one holding under him.

The averment, however, is, that they received portions of such proceeds as the children and heirs at law of John Sipe, and the plain inference from all the facts alleged is, that the proceeds thus received by them were derived from that portion of the land which descended to them as such children and heirs at law and not otherwise.

We are of the opinion, that the court erred in overruling the demurrer to the third paragraph of the answer.

What we have said disposes of the principal question involved in this appeal.

The judgment is reversed, with costs, and the cause remanded for further proceedings.