No. 9668.

HENDRIX v. McBETH ET AL.

DESCENTS.—*Widow.—Second Wife.—Real Estate.—Conveyance by Husband.—Statute Construed.*—Every widow, on the death of her husband, takes, in fee simple, one-third of all lands owned by him in fee, and conveyed during the coverture, she not joining in the conveyance. In such case the widow takes under section 27 of the statute of descents, R. S. 1881, section 2491, not as heir of the husband, but by virtue of her marital rights. The proviso to section 24, R. S. 1881, section 2487, applies only when the husband dies seized, in which case she takes as heir of the husband; and if she be not the first wife, and have no children by him, he having children alive by a former marriage, then on her death the share taken by her descends to his children. HOWK, J., dissents.

From the Clay Circuit Court.

*S. W. Curtis* and *E. S. Holliday*, for appellant.

*G. A. Knight, C. H. Knight* and *I. N. Compton*, for appellees.

MORRIS, C.—The appellant commenced a suit for partition against the appellees, alleging in his complaint that she is the surviving widow of John Hendrix, deceased; that during her marriage with the said John Hendrix he became seized in fee simple of two acres of land situate in Clay county, Indiana, which is particularly described in the complaint; that, on the 7th day of July, 1871, the said John Hendrix sold and conveyed said real estate to one James D. Minkler, through whom the appellees derive title; that she did not join in said conveyance to the said James D. Minkler, nor did she ever execute a deed conveying said land to any one; that, on the 25th day of August, 1875, the said John Hendrix died, leaving her surviving him as his widow; that she is the owner in fee of the one undivided one-third of said real estate, and that the appellees are the owners in fee of two-thirds of the same; that said real estate is indivisible. She asks that partition be made, etc.

The appellees appeared and answered the complaint in two paragraphs, the first being the general denial. The second paragraph states that the appellant is the widow by a second

marriage of John Hendrix, deceased; that she had no children by the deceased, but that he left surviving him children by a former marriage, all of whom are adults. Wherefore, etc.

The appellant demurred to the second paragraph of the answer. The court overruled the demurrer, and the appellant excepted. She then replied to the second paragraph of the answer by a general denial.

The cause was submitted to the court for trial. The court found the facts specially, and stated its conclusions of law as follows:

John Hendrix, deceased, was, at the time of his death, the husband of the plaintiff. During his said marriage, he was the owner in fee simple of the land described in the plaintiff's complaint, said land having been acquired by him after his marriage to the plaintiff; that during said marriage the said John Hendrix sold and conveyed said land in fee to James D. Minkler, who sold and conveyed the same, in different parcels, to the defendants, as stated in the complaint; that the plaintiff at no time joined in the deed to said Minkler or the other defendants, and that said conveyance was only made by the said John Hendrix; that the plaintiff has never signed or acknowledged any deed of conveyance to said lands; that the plaintiff was the second wife of the said John Hendrix; that he died without issue by the plaintiff, but left surviving him children by a former marriage, who are still living; that said lands are indivisible; that the plaintiff is now at the age of 75 years; that her life-estate is of the value of $100.

Upon the foregoing facts the court finds, as conclusions of law, as follows: That the plaintiff, Joanna Hendrix, is entitled to a life-estate in and to one-third of the land described in her complaint, and is not the owner and entitled to a fee simple interest therein, and that said land is not susceptible of division; to which conclusions of law the plaintiff at the time excepts. Judgment was rendered according to the finding of the court, and the land ordered to be sold. The ruling of the court upon the demurrer to the second paragraph of

the appellees' answer, and the conclusions of law stated by the court, are assigned as errors.

The question presented to this court for decision is, was the appellant, upon the facts found by the court, entitled to one-third of said lands in fee or for life only? The interest which the appellant took in the land in dispute, upon the death of her husband, must be determined by the provisions of our statute regulating the descent of estates. The 27th section of the statute, 1 G. & H. 296, is as follows: "A surviving wife is entitled, except as in section 17 excepted, to one-third of all the real estate of which her husband may have been seized in fee simple, at any time during the marriage, and in the conveyance of which she may not have joined, in due form of law; and also of all lands in which her husband had an equitable interest at the time of his death: *Provided*, That if the husband shall have left a will, the wife may elect to take under the will instead of this or the foregoing provisions of this act."

The exception referred to in the 17th section of the statute can have no application to the case in hearing, for it is neither found nor claimed that the real estate of the said John Hendrix exceeded $10,000, nor is this a controversy between the surviving wife and his creditors. It is quite clear that under the section above quoted, unless modified by other provisions of the statute of descents, the appellant would be entitled to one-third in fee of the land in controversy. The appellee insists that the proviso to the 24th section of the statute, in some way, if not in language yet in spirit, modifies and limits section 27. The proviso is as follows: "That if a man marry a second or other subsequent wife, and has, by her, no children, but has children alive, by a previous wife, the land which, at his death, descends to such wife, shall, at her death, descend to his children."

The land which the second or subsequent wife takes under the 24th section of the statute she takes as the heir of her

husband. It descends at his death from him to his wife, and by the proviso the land which descends from him, at his death, to his wife, descends from her, at her death, to his children. The land which the wife, whether a first or subsequent wife, takes under the 27th section, does not descend to her at all; she does not take under this section as heir of her husband. The interest which she takes in lands of which her husband was seized during coverture, but not at his death, in the conveyance of which she has not joined, she takes in virtue of her marriage rights, and not by descent. John Hendrix, at his death, had no interest in the land; therefore nothing could descend from him to the appellant. *May* v. *Fletcher*, 40 Ind. 575; *Bowen* v. *Preston*, 48 Ind. 367. If, therefore, we apply the proviso of the 24th section to the 27th section, we must not only change its meaning but its language also. It must, if so applied, read thus: "The lands which a second or subsequent wife acquires by virtue of her marriage from her deceased husband, she having no children living by such marriage, and her husband having children alive by a former marriage, shall, at her death, descend to such children." To effect such a change requires the exertion of legislative not judicial powers. But should we thus apply the proviso, it would seem to follow, with absolute certainty, that such wife must take something more than a life-estate in the land; for, if she takes but a life-estate, the surviving children of the husband by a former marriage could take nothing at her death; they could not take from her, at her death, for her estate would expire with her life; they could take nothing from the deceased husband, at his death, for he parted with his interest in his lifetime. It follows that, as the obvious purpose of the proviso is to secure to the children of the husband by a former wife the land which, at his death, descends to the second or subsequent childless wife, it can not, in the very nature of things, apply in this case if the appellant took but a life-estate. If, however, the proviso should apply, the appellant

must be held to have taken the fee, so that, at her death, that which she takes may, in accordance with the proviso, descend to the children of John Hendrix by his former marriage. The proviso makes the children of the husband by the former marriage the forced heirs of the second or subsequent childless wife. *Utterback* v. *Terhune*, 75 Ind. 363. It would be strange, indeed, and in principle inexplicable, if, through this proviso, the expressed purpose of which is to secure to the children of the deceased husband by a former marriage, the land which, at his death, descends from him to his second or subsequent childless wife, such land should be held not to go to such children, but to pass to the grantee of the husband, who purchased in view of the proviso. To give it such an effect would violate alike the language and spirit of the proviso.

The exception expressed in the 27th section, by reference to the 17th section, excludes, in accordance with the maxim, *expressio unius est exclusio alterius*, other limitations, and forbids the adoption of further modifications by construction or implication.

The 27th section of the statute gives a fee to the wife, whether a first or subsequent wife; it says the wife generally, without reference to the first or subsequent wife, shall be entitled, etc. If by this section the first wife takes a fee, so does the second. It has been decided several times, and has never been questioned so far as we know, that, under this section, the wife takes a fee. *May* v. *Fletcher, supra; Bowen* v. *Preston*, 48 Ind. 367. There is no provision of the statute which limits this section other than the exception contained in the 17th section. We have shown that, as nothing descends under the 27th section from the husband to the wife, the proviso to the 24th section can not apply to this case; and as no modification of the 27th section is found in any other provision of the statute, it must follow that the appellant takes a fee in the land in controversy. *Slack* v. *Thacker*, 84 Ind. 418; *Taylor* v. *Stockwell*, 66 Ind. 505. The judgment below should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of the appellees.

