Flenner *et al. v.* Benson.

No. 10,148.

## FLENNER ET AL. *v.* BENSON.

DESCENT.— *Widow.— Second Wife.— Conveyance.— Life-Estate.—Statute Construed.—Trust.—*A widow without children, whose husband died leaving children of a previous marriage surviving, takes an estate in his lands in fee simple, which, under the proviso to section 2487, R. S. 1881, is held in trust, upon her death, for such children, and she can only convey an estate therein for her own life.

SAME.— *Widow's Interest not Subject to Sale to Pay Husband's Debts.*—The estate in fee which, upon the death of the widow, descends to such children, is not subject to sale to pay the deceased husband's debts.

From the Warren Circuit Court.

*W. C. Wilson* and *J. H. Adams,* for appellants.
*J. M. Rabb* and *F. H. Levering,* for appellee.

FRANKLIN, C.—Appellants sued appellee for the partition of certain real estate. At the request of the defendant the court made a special finding of the facts, and stated its conclusion of law. The appellants excepted to the conclusion of law, appealed to this court, and have assigned for error the conclusion of law.

Appellants are the heirs of David Flenner, who died intestate, in 1870; he left surviving him Abigail Flenner, a fourth wife, by whom he had no children; said Abigail, without marrying again, died in August, 1880.

On the 11th day of March, 1871, by order of court, the administrator of said David Flenner's estate sold the land in controversy, subject to said Abigail's interest therein, for the payment of the debts of the estate, which sale was approved by the court and a deed executed accordingly.

On the 17th day of October, 1871, said widow Abigail, in consideration of $300, made a quitclaim deed for the land to the purchasers at the administrator's sale, they having paid at said sale for the land the sum of $1,400. The appellee is the remote grantee of said purchasers.

The foregoing are the material facts found by the court, and upon which the court stated, as a conclusion of law, that the

plaintiffs are not entitled to recover, and that the defendant is entitled to a judgment for costs.

The question presented under this conclusion of law is as to what interest the widow had conveyed, and this question is to be settled by the proviso in the 24th section of the law of descents, 1 R. S. 1876, p. 412, and the 2487th section of the R. S. 1881, which is the same. That proviso reads: "That if a man marry a second or other subsequent wife, and has by her no children, but has children alive by a previous wife, the land which, at his death, descends to such wife, shall, at her death, descend to his children."

The 17th section of the law of descents provides that a fee simple, free from all demands of creditors, shall descend to the widow.

The 27th section provides that "A surviving wife is entitled, except as in section 17 excepted, to one-third of all the real estate of which her husband may have been seized in fee simple at any time during the marriage, and in the conveyance of which she may not have joined, in due form of law, and also of all lands in which her husband had an equitable interest at the time of his death."

Under this last named section it has been held by this court that the wife takes a fee simple interest. *Slack* v. *Thacker,* 84 Ind. 418; *Hendrix* v. *McBeth,* 87 Ind. 287. But we do not think that the 27th section governs the case under consideration; neither does the 17th section. This is not a question between the widow and the creditors of the deceased. While, under this section, the widow takes a "fee simple, free from all demands of creditors," it does not provide that she shall take a fee simple as against the heirs, or, as in this case, the children by a former marriage. But the proviso in the 24th section expressly provides that the land, which "descends to such wife, shall, at her death, descend to his children."

While, under this proviso, in such cases, the widow takes what may be termed a fee, yet she takes it in trust for the children of the husband by a former marriage, and she can

not convey so as to defeat their inheritance. *Louden* v. *James,* 31 Ind. 69; *Utterback* v. *Terhune,* 75 Ind. 363; *Armstrong* v. *Cavitt,* 78 Ind. 476.

From the foregoing, it is very evident in the case at bar that in the quitclaim deed by the widow to the purchasers of the real estate at the administrator's sale, she only conveyed an interest during her life, and at her death appellants took the fee therein, and are entitled to the partition thereof.

The court below erred in its conclusion of law, for which error the judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at appellee's costs, and that the cause be remanded, with instruction to the court below to enter judgment on the special findings in accordance with this opinion.

Opinion filed at the November term, 1882.

Petition for a rehearing overruled at the May term, 1883.