Pepper *et al.* v. Zahnsinger *et al.*

Filed March 8, 1884.

———————◆———————

No. 10,957.

PEPPER ET AL. *v.* ZAHNSINGER ET AL.

DECEDENTS' ESTATES.—*Sale of Land to Pay Debts.—Jurisdiction.—Judgment.— Irregularity.—Collateral Attack.*—When, upon petition by an administrator for an order to sell his intestate's land to pay debts, the court has jurisdiction over both the subject-matter and the parties interested, a judgment thereon, ordering such sale, can not be collaterally attacked for mere irregularities.

SAME.—*Order to Sell Widow's Third.*—Such a judgment, so far as it orders the sale of the widow's third, is void.

SAME.— *Widow may Estop Herself.*—An order of sale of the interests of both the widow and the heirs having been granted, she subsequently requested the administrator, in writing, to sell her interest with the residue; he advertised the sale to be made by him both as agent and administrator, and made sale without objection by her, but made deed as administrator alone; he paid the widow almost the full third of the proceeds; he delivered possession to the purchaser who continued in possession for eight years.

*Held,* that the widow had estopped herself from claiming title to such land.

From the Vanderburgh Circuit Court.

*R. D. Richardson* and *J. T. Walker,* for appellants.

*C. L. Wedding* and *J. G. Winfrey,* for appellees.

ELLIOTT, J.—John F. Pepper died intestate, the owner of the real estate here in controversy, leaving surviving him, as heirs, his widow, Mary, and his children, John and George, who now claim the property, and brought this action to recover it. The appellees bought the land at a sale made by Christian Decker, administrator of the estate of John F. Pepper, pursuant to the judgment of the court of common pleas of Vanderburgh county, rendered on the petition of the administrator praying that the land be sold for the payment of debts due from the decedent's estate.

Many irregularities are pointed out in the proceedings wherein the judgment directing the sale of the land was rendered, and these, it is argued, vitiate the sale and make the deed ineffective. This position is not tenable. A judgment, rendered upon the petition of an administrator, directing the sale of land for the payment of debts, can not be collaterally impeached for mere errors or irregularities. If there is jurisdiction of the subject-matter and of the person, the judgment will repel a collateral assault although many errors may have intervened. It is clear, therefore, that as the court of common pleas had jurisdiction of the person of the children of the decedent and of the subject-matter of the controversy, its judgment concludes the children of John F. Pepper, and di-

vests them of the interest possessed at the time the judgment was rendered.

A different question is presented by the contention of the appellant Mary Seeling, formerly the widow of John F. Pepper. It is established by our decisions that the interest of a widow in the land of her deceased husband can not be ordered sold to pay the debts of the estate. The decisions go very far, for they hold that the court has no jurisdiction to render a judgment directing the sale of the widow's interest. *Kent* v. *Taggart,* 68 Ind. 163; *Elliott* v. *Frakes,* 71 Ind. 412; *Armstrong* v. *Cavitt,* 78 Ind. 476. An order made by a court in a cause where it has no jurisdiction is void, and no title can be built upon it. So far, then, as the title of appellees to the interest of the widow is concerned, it must rest upon some other basis than the administrator's sale, or it will be invalid.

The title of appellees is asserted to rest on an estoppel. It is no doubt true that title may be created by an estoppel, and the debatable question here is, whether the appellant Mary Seeling is estopped from questioning the title of the appellees.

The evidence shows that Mrs. Seeling desired the administrator to sell her interest in the land, and executed an instrument requesting him to do so; that he did offer for sale and sell the entire estate in the land, that of the widow as well as that of the children; that he advertised to sell the land as guardian, administrator and agent; that the widow received all, or nearly all, the money realized from the sale; that the purchasers entered into possession under the deed executed by the administrator, and had been in possession for more than eight years; and that no part of the money paid by the purchaser, nor any part of that received by Mrs. Seeling, has been repaid, nor has there been any offer to repay it. In our opinion this evidence warranted a verdict in favor of the appellees, for it established facts constituting an estoppel. There was, on the part of Mrs. Seeling, more than a mere passive standing by; there was an active participation in the sale. One of the witnesses testified: " She (the widow) knew all

about the sale; she never objected, but wanted all sold; it was sold; she wanted the proceeds to pay off a mortgage." The administrator testified: "She knew I was to sell all her right, title and interest."

