Filed May 16, 1885.

---

No. 11,728.

## LANTZ v. MAFFETT ET AL.

DECEDENTS' ESTATES.—*Sale of Real Estate.*—*Conclusiveness of Order of Sale.*— Where the petition of the administrator of a decedent avers that the land sought to be sold was owned in fee by the decedent, and the heirs are made parties to the proceeding, the order of the court concludes them from setting up title to the real estate ordered to be sold.

SAME.—*Judgment.*—*Estoppel.*—*Cases Distinguished.*—Where the petition of an administrator of a deceased woman avers that she died the owner in fee of the real estate, and the heirs are made parties thereto, the judgment in favor of the administrator estops the heirs from setting up that the only interest the woman ever had in the land was a life-estate. Such a judgment can not be collaterally attacked. *Elliott* v. *Frakes*, 71 Ind. 416, and *Armstrong* v. *Cavitt*, 78 Ind. 482, distinguished.

JURISDICTION.—*Judgment.—Collateral Attack.*—Authority to hear and decide. a legal controversy is jurisdiction, and where there is such authority the judgment can not be collaterally attacked although it may be erroneous.

SAME.—*When Judgment Can Not be Collaterally Impeached.*—Where it appears on the face of the record that the court had jurisdiction, the judgment can not be impeached collaterally.

SAME.—*Decedents' Estates.—Court of Common Pleas.*—The court of common pleas had jurisdiction to try and determine the question of title to land sought to be sold by an administrator to pay debts due from the estate of his intestate.

From the Hancock Circuit Court.

*W. H. Martin,* for appellant.

*J. H. Mellett, W. S. Denton, I. P. Poulson* and *W. F. Mc-Bane,* for appellees.

ELLIOTT, J.—The material facts stated in the special finding, exhibited in a somewhat abridged form, are these : On the 25th day of November, 1875, John W. Maffett died intestate, the owner of the land described in the pleadings. He left surviving him his widow, Caroline Maffett, and his children, John W. and Sarah L. Maffett. Subsequently the widow married Charles Niles, and died during coverture seized of one-third of the land described. The interest of which she died seized vested in her by virtue of her rights as the widow of John W. Maffett, her first husband. Daniel Morford became the administrator of her estate, and petitioned for an order to sell her land to pay debts due from her estate ; to this petition the children of the intestate and John W. Maffett, her first husband, were made parties, and they answered by a guardian *ad litem.* It was alleged in the petition that the intestate, Caroline Niles, was the owner in fee of the one-third part of the land. The proceedings were in due form, and sale was made pursuant to the order of the court, and the land was bought and paid for by the appellant.

The contention of the appellant is, that, as it appeared on the face of the petition that the intestate owned the land in fee simple, and as the manner in which she acquired her title

did not appear, the judgment is valid on its face and can not be overthrown by a collateral attack.   In support of this position, counsel invoke the rule that unless the record on its face shows that the judgment is void, it can not be assailed collaterally.   The appellees oppose to this position the argument that the court had no jurisdiction to order the sale of the land, and that they are not estopped by the judgment, for the reason that they were required to defend only in the capacity of heirs.

The appellees rely on the cases of *Armstrong* v. *Cavitt,* 78 Ind. 467, and *Elliott* v. *Frakes,* 71 Ind. 412.   These cases are representatives of two different classes, and it is necessary to examine them separately and ascertain their bearing upon the present controversy.

*Armstrong* v. *Cavitt, supra,* has been followed in several subsequent cases, and must be regarded as correctly expressing the law.   *Slack* v. *Thacker,* 84 Ind. 418; *Hendrix* v. *McBeth,* 87 Ind. 287; *Compton* v. *Pruitt,* 88 Ind. 171; *Flenner* v. *Benson,* 89 Ind. 108; *Flenner* v. *Travellers Ins. Co.,* 89 Ind. 164; *Nutter* v. *Hawkins,* 93 Ind. 260; *Matthews* v. *Pate,* 93 Ind. 443; *Pepper* v. *Zahnsinger,* 94 Ind. 88.   If the principle declared in these cases rules here, the discussion is at an end.   The debatable question, however, is not what principle those cases declare, but whether the case in hand falls within it.   The principle declared by these cases is, that the widow's interest in the real estate vested in her by virtue of her marital rights can not be sold to pay the husband's debts, and that it is beyond the power of the jurisdiction of the court to order it sold.   That principle can not apply here, for the reason that it was the wife's estate that was ordered sold, and the order was made to sell it for the payment of her own debts, and not for the payment of the debts of the husband.   The petition in this case proceeded upon the theory that the wife owned the land, and that her estate was the debtor; while in the cases cited the petition proceeded upon the theory that the land belonged to the husband and was liable to sale for the

payment of his debts. The issue tendered by the petition in this case was that the wife's estate was the debtor and she the owner of the land at the time of her death. In the cases cited the issue tendered was, that the husband owned the land and his estate was the debtor. In the cases referred to the controlling questions as they appeared upon the face of the record were, did the husband own the land, and was it liable for his debts? While here the questions disclosed by the record were, did the wife die the owner in fee of the land, and was it liable for her debts? In the cases cited the rights of the wife appeared upon the face of the record, and a purchaser was bound to know that he could not secure her estate in the land upon a sale made under an order directing its sale for the payment of her husband's debts; while in the case under discussion the face of the record showed the wife to be the owner in fee, and that it was her estate that owed the debts for which the land was ordered sold. In the one case the material inquiry is as to the rights of the widow against the creditors of the husband. In the other the important inquiry is as to the rights of the creditors of the deceased woman in land of which she died the owner in fee, as against her surviving children. This is necessarily so, for the petition avers that she died the owner in fee of the land, and that she died in debt. The controlling issue which the petition challenged the surviving children to meet was whether she was in fact the owner in fee of the land, and did in fact die leaving creditors. We have ascertained that the principle deducible from *Armstrong* v. *Cavitt, supra,* and cases of that class, does not rule such a case as this, and we now proceed to ascertain whether the principle declared in the other class of cases governs here.

*Elliott* v. *Frakes, supra,* decides, as does *Armstrong* v. *Cavitt, supra,* that the widow's interest can not be sold to pay the husband's debts, and decides, also, that children made parties to a petition to sell lands of their deceased father are not estopped from claiming the estate which descends to them from their mother. The court, in the course of the opinion, said,

in speaking of the appearance of the children, that " They were not required to appear or answer as the devisees of Elizabeth Sipe, and hence no issue was tendered to them as to their interests as such devisees. It follows, that, in their character as such devisees, they were not concluded by the order of sale." It is obvious that the decision in the case cited proceeds upon the theory that persons sued in one capacity can not be estopped as to rights vested in them in another. The court referred to a page in a text-book, where it is said: "As a general rule, judgments conclude the parties only in the character in which they sue or are sued." Bigelow Estop., p. 65. In order to make this principle applicable here, it must be assumed that the appellees were not made parties in the character of heirs of their deceased mother, and this assumption can not be justly made. They were made parties in that character. The petition alleged that the land belonged to their mother in fee, and that they were interested in it as her heirs. They were, therefore, sued, not in the character of the heirs of their deceased father, but in their character as heirs of their deceased mother. Their rights as her heirs were put in issue, and when they appeared to try that issue, they appeared in the character of her heirs. It was not possible for them to assume any other character under the answer filed for them by their guardian *ad litem.* The issue joined affected them as the heirs of the mother, and not in any other character. The issue tried and determined was as to their interest in the land as the heirs of their deceased mother, and it was the interest which that character gave them that the petition sought to divest. It is quite clear, therefore, that the principle declared in *Elliott* v. *Frakes, supra,* is not the one which governs this case, and we must look for some other principle to guide us to a correct solution of the legal problem presented.

If, as the petition alleged, the fee of the land was in the mother, then the court had jurisdiction to direct the administrator to sell it to pay her debts. If the court had jurisdiction, its judgment, however erroneous, is not void, and if

not void it is not vulnerable to a collateral attack. The only possible theory upon which the appellees can succeed is, that the court had no jurisdiction to make the order, for once it is granted that it did possess jurisdiction, then its judgment is of such verity and force as to be impeachable only by a direct attack.

Jurisdiction is the authority to hear and decide a legal controversy. It was said by the Supreme Court of the United States, that " If the law confers the power to render a judgment or decree, then the court has jurisdiction. What shall be adjudged or decreed between the parties, and with which is the right of the case, is judicial action by hearing and determining it." *Rhode Island* v. *Massachusetts*, 12 Pet. 657.

"Any movement of a court is," as it was said in *Board,* etc., v. *Markle*, 46 Ind. 96, " necessarily jurisdiction." It does not affect the question of jurisdiction that the judgment rendered was plainly erroneous, for, as it has been said, " the power to decide at all, necessarily carries with it the power to decide wrong as well as right." *Snelson* v. *State*, 16 Ind. 29. There are very many cases enforcing these general principles, among them *DeQuindre* v. *Williams*, 31 Ind. 444, *Weston* v. *Lumley*, 33 Ind. 486, *Dowell* v. *Lahr*, 97 Ind. 146, *Oppenheim* v. *Pittsburgh, etc., R. W. Co.*, 85 Ind. 471, *Davidson* v. *Koehler,* 76 Ind. 398, *vide* auth. p. 421.

It seems clear that the face of the record discloses a case in which the court had jurisdiction of the subject-matter and of the persons of the parties, and, as this plenary jurisdiction existed, the judgment will repel all collateral attacks.

The case, when trimmed down to its real merits, comes to this, the petition of the administrator averred that his intestate owned the fee; the appellees answered this petition ; the court tried the issue, and erred in finding that, as matter of fact, the intestate did own the land. There was jurisdiction, but a wrong decision. As there was jurisdiction, nothing but a direct attack upon the judgment can shake it.

It has often been held that a judgment rendered by a court

Lantz *v.* Maffett *et al.*

having general jurisdiction will be upheld against a collateral attack, unless it appears on the face of the record to be void. *Earle* v. *Earle*, 91 Ind. 27, see p. 42; *Smith* v. *Hess*, 91 Ind. 424. A text-writer, in discussing this general subject, says: "But the word void can with no propriety be applied to a thing which appears to be sound, and which, while in existence, can command and enforce respect, and whose infirmity can not be made manifest." Freeman Judg., sec. 116. This principle fully applies here. Under the law in force when the proceedings were had for the sale of the land, the court of common pleas possessed ample jurisdiction over the general subject of the settlement of decedents' estates, and had authority to order the sale of a decedent's land to pay debts; the petition averred such facts as brought the particular case within the jurisdiction of the court, and due notice was given of the filing of the petition, so that the order was made upon due notice and in the exercise of a general jurisdiction properly invoked by petition. The record is, therefore, not only "sound," but is also regular on its face. In order to make any irregularity or unsoundness appear, it is necessary for the appellees to show that a material fact stated in the petition, and found to be true by the court, was untrue, and this would make it necessary to present anew an issue of fact once regularly presented and tried, and this, it is evident, can not be done.

It has been decided quite a number of times that the court of common pleas had jurisdiction to try the question of title in cases where land was sought to be sold to pay debts. In *Gavin* v. *Graydon*, 41 Ind. 559, the controversy was, in its legal aspects, much the same as here, and it was held that the judgment of the court of common pleas ordering the sale for the payment of debts concluded the heir as to all questions concerning the title to the land. In the course of the opinion it was said: "Exclusive jurisdiction is conferred upon the court to order the sale of real estate, and it seems to us that the power to make the order carries with it the right to de-

Lantz *v.* Maffett *et al.*

termine the title." *Wolcott* v. *Wigton,* 7 Ind. 44; *Holliday* v. *Spencer,* 7 Ind. 632; *Fleming* v. *Potter,* 14 Ind. 486; *Bourgette* v. *Hubinger,* 30 Ind. 296; *Simpson* v. *Pearson,* 31 Ind. 1.

Whatever may be the rights of the appellees in a direct proceeding, it is manifest that they can not prevail against the judgment directing the sale of the land, in this collateral proceeding. Judgment reversed.

Filed March 11, 1885.

## ON PETITION FOR A REHEARING.

ELLIOTT, J.—The assumption upon which counsel's argument on the petition for a rehearing rests is one that can not be maintained. It is not true, as assumed, that the issue tendered by the petition of an administrator to sell lands for the payment of debts owing by the decedent's estate involves no question of title. If this assumption were correct, then there would be no reason for the petition to aver ownership in the decedent, or for making the heirs parties to answer as to their interests in the land. It is said by counsel: " The heir is challenged to meet the allegation of indebtedness. If he can defeat that allegation he will successfully defend his title; if not, the title of the deceased, and his title, as heir of the deceased debtor, will be of no consequence to him whatever." The fallacy of this argument is apparent; it unduly assumes that the heir is only challenged to meet the allegation of indebtedness; whereas he is challenged to meet that claim and also meet the claim that the land was owned by the deceased, and is subject to sale for the payment of his debts. One of the most important issues which the heir, or other party, is challenged to meet is the right of the administrator to sell the land. That such an issue should be met and settled is demanded by high considerations; it is demanded by the interests of society, which require the firm and speedy settlement of controversies; it is demanded for the security of purchasers at administrators' sales; it is demanded for the benefit of heirs and creditors who have an interest in securing

confidence in judicial sales, and it is demanded in order to give stability to titles and inspire confidence in the judgments of the courts.

The petition in the case before us averred, in direct and explicit terms, that the decedent was the owner in fee of the real estate, and challenged the appellees to meet and contest that question. It was made an issue, and it was an issue that it was indispensably necessary should be tried. If, as the appellees now claim, they owned the land, then the administrator had no authority to sell it; but that was the controlling question in the proceedings instituted by the administrator, and is one of the questions settled by the judgment there pronounced. The administrator was bound to aver that his intestate owned the land—he could not of course sell a third person's land—but when he made this averment in due form, and brought the adverse claimants into court by due process of law to meet that issue, and obtained a judgment deciding the issue in his favor, the question was settled.

There is no question here as to the effect of an order of sale upon after-acquired rights, for such rights as the appellees have existed, if at all, at the time they were brought into court to answer the claim of the administrator that the land was owned in fee simple by his intestate. If they owned the land, and the intestate did not, they should have averred that fact and have contested the question when offered the opportunity to do so.

It is also said by counsel: "If in this case the land was subject to the debts of the deceased, the appellees are concluded by the proceedings; if it was not, they are not concluded." This statement exposes the unsoundness of counsel's former position, for the question whether the land was subject to the decedent's debts depends upon whether she owned it; if the defendants to the petition owned it, of course it was not subject to her debts, and this was the issue presented by the petition. If presented the appellees were bound to meet it, and, if decided against them, they could not after-

wards assert a title existing when they were brought into court.

The appellees were brought into court in the capacity of heirs of the decedent, and it was the land as her land that the administrator sought an order to sell. If they were not her heirs as to the land described, they should have litigated that question, and can not now assert that they were not her heirs, but had then and still have an interest of a different character in the land. If they were her heirs, and if she did own the land, it was subject to sale for the payment of her debts, and this is what the judgment conclusively adjudicates. If the heirs are in court, and if the issue is made as to their heirship, it is necessarily decided by the order directing the sale of the land, and that issue was made here, for it was alleged that Mrs. Niles owned the land, and that appellees were her heirs. The success of the appellees in this case depends entirely upon their overthrowing the judgment of the court that the decedent owned the land, for, in order to succeed, they must make it appear that some other person did, in fact, own it, and this would require the complete and total overthrow of the judgment. This result would lead to a violation of long settled principles.

The conclusion reached in this case is not, as was shown in the original opinion, in conflict with the doctrine that a party is estopped only in the capacity in which he is sued, and is, therefore, not in conflict with the ruling in *Lord* v. *Wilcox*, 99 Ind. 491. A person made party as heir can not be concluded in his capacity of lien-holder, but may be concluded from collaterally questioning any matter directly affecting him in the capacity in which he is sued, and in such a case as the present this involves the question whether the decedent was or was not the owner of the land. *Gavin* v. *Graydon*, 41 Ind. 559.

Petition overruled.

Filed May 23, 1885.