Clark v. Deutsch.

Filed April 23, 1885.

---

No. 11,885.

## CLARK v. DEUTSCH.

101 491<br>156 618

PRACTICE.—*Special Finding.—Request for.—Presumption.*—Where there is a special finding in the record, and the record shows that the finding was made upon the request of one of the parties, the Supreme Court will presume that the request was properly and seasonably made, unless the record affirmatively shows the contrary.

SAME.—*Entry of General and Special Finding.*—Where there is one entry, and the whole finding is therein set forth, there is no substantial error in prefacing the special finding by a general finding.

DECEDENTS' ESTATES.—*Creditors.—Widow.—Sale of Real Estate.*—Creditors have no right to an order for the sale of the widow's interest in the lands of her deceased husband to pay debts due from his estate.

SAME.—*Jurisdiction.—Order of Sale.*—An order, directing the sale of the widow's interest in the lands of her deceased husband to pay the debts due from his estate, is beyond the power of the jurisdiction of the court, and is void.

Clark v. Deutsch.

MORTGAGE.—*Descents.— Widow.*—The mortgage of a widow on lands acquired from her deceased husband will convey a lien on her interest therein.

From the Pulaski Circuit Court.

*J. C. Nye* and *J. Nye,* for appellant.

*G. Burson* and *H. Burns,* for appellee.

ELLIOTT, J.—The appellee presents two questions of practice which require attention before considering the other questions in the case.

The first question is settled against him by the cases of *Trentman* v. *Eldridge,* 98 Ind. 525, and *Western Union Tel. Co.* v. *Trissal,* 98 Ind. 566. These cases decide that where there is a special finding in the record, and the record shows that it was made upon request of one of the parties, the court will presume that the request was properly and seasonably made, unless the record affirmatively shows the contrary.

The special finding in this case is preceded by what appears to be a general finding, but this finding forms part of the same entry as that in which the special finding is incorporated, and we think that it can not be regarded as an independent general finding. It is, in truth, a mere preface to the special finding. The entry is a clumsy one, but, as the proceeding was an entire and indivisible one, there exists no just reason for depriving the appellant of the benefit of the special finding. The whole proceeding is embodied in one entry, and took place at the same time, and no substantial error was committed in prefacing the special finding by the general one; at all events, the court could not, by such a procedure, take from the appellant the rights resulting from his exceptions to the conclusions of law. We need not inquire what the rule would be, if there had been an independent general finding, preceding the special by a considerable interval of time, for here there was no interval at all; there was really but one finding and one entry. *Smock* v. *Harrison,* 74 Ind. 348, *vide* p. 355.

The material facts embodied in the special finding are these: Hardy Stephens died the owner of the land in controversy, and also the owner of other lands. He died intestate, leaving no children, but leaving Elizabeth Stephens, his widow, and Obadiah Stephens, his father, as his only heirs. Very soon after the death of Hardy his father died, leaving as his heirs his children Obadiah, Anna and Sarah. The widow purchased their interest in the land, and executed to them her notes and mortgage, of which the appellant became the owner by assignment. In October, 1879, appellant secured a decree of foreclosure on which sale was made, and a deed finally executed to him by the sheriff in April, 1881. In May, 1880, the children of Obadiah Stephens executed a quit-claim deed to Clark. The deed to Elizabeth Stephens was executed by an agent acting under a power of attorney in which two of the persons by whom it was executed were married women, and in the execution of which their husbands did not join, and the second deed was perhaps executed to remedy this defective execution of the first. William Spangler was duly appointed administrator of the estate of Hardy Stephens, and in March, 1880, George Burson, as one of the creditors of the estate, filed his petition in the Pulaski Circuit Court, making William Spangler, administrator, and the widow, Elizabeth Stephens, parties, and praying that the administrator be directed to sell the land to pay the debts of the intestate. The prayer of the petition was granted after due notice, and, in due form of law, the land was sold prior to October, 1881, and the deed confirmed. Appellee was the purchaser of the land at the administrator's sale, and paid therefor eight hundred dollars, took possession of the land, and soon after married Elizabeth Stephens, who died July 9, 1879.

We have given only a brief synopsis of the facts stated in the special finding, but it is full enough to show the general features of the case. It is quite clear that the trial court erred in pronouncing the law against the appellant as to the

whole of the land in controversy. The creditors of the husband had no right to an order for the sale of the widow's interest in the land, and it was beyond the power of the jurisdiction of the court to grant such an order. It is too firmly settled to admit of debate, that the widow's interest in the lands of her deceased husband can not be ordered sold for the payment of the debts of the husband. *Pepper* v. *Zahnsinger*, 94 Ind. 88; *Nutter* v. *Hawkins*, 93 Ind. 260; *Matthews* v. *Pate*, 93 Ind. 443; *Flenner* v. *Travellers Ins. Co.*, 89 Ind. 164; *Flenner* v. *Benson*, 89 Ind. 108; *Compton* v. *Pruitt*, 88 Ind. 171; *Hendrix* v. *McBeth*, 87 Ind. 287; *Armstrong* v. *Cavitt*, 78 Ind. 476, 482; *Elliott* v. *Frakes*, 71 Ind. 412.

The administrator's sale and deed certainly did not convey to the appellee the interest of Elizabeth Stephens as widow, although it did, perhaps, convey the interest she acquired by purchase from the children of her deceased husband's father, for where a party purchases from the heirs of a deceased person other than the widow, he takes the land subject to the rights of the creditors of the decedent. The interest vested in her as widow was conveyed to the appellant by the sale made upon the foreclosure of the mortgage, and as to that interest he undoubtedly has the paramount right. The mortgage executed by her covered the entire property, and as her interest as widow was not subject to her husband's debts, the mortgage, as to that interest, was clearly effective, however it may be as to the interest bought of the heirs of the father of her deceased husband.

We think it will secure a more satisfactory result to remand the case for a new trial than to direct judgment on the special finding, and we accordingly reverse the judgment, with instructions to sustain appellant's motion for a new trial.

Filed April 29, 1885.