Bumb v. Gard et al.

No. 12,687.

## BUMB v. GARD ET AL.

107  575
131   29
107  575
137  132
107  575
141  179
107  575
150  603
107  575
f156 615
156  619

DECEDENTS' ESTATES.— *Widow's Interest.— Sale of Whole Estate to Pay Husband's Debts.— When Binding on Heirs.*—While the widow's interest can not be sold to pay the debts of her deceased husband, on the petition of the latter's administrator, yet, if she be dead and her heirs are made parties to the petition, a sale of the whole, under an order of the court, will deprive them of title.

SAME.— *Receipt by Heir of Purchase-Money.— Estoppel.*—Where an heir, having full knowledge that the whole estate in the land has been sold on petition of the administrator, receives and retains the purchase-money remaining after the payment of debts, he can not avoid the sale. *Elliott* v. *Frakes,* 71 Ind. 412, distinguished.

From the St. Joseph Circuit Court.

*W. W. Woollen* and *A. Anderson,* for appellant.

*L. Hubbard* and *W. G. George,* for appellees.

ELLIOTT, J.—Valentine Bumb died the owner of the real estate in controversy, leaving surviving him his widow, Sophia Bumb, and his son, the appellant, Charles Bumb. The administrator of the estate of Valentine Bumb filed a petition asking for the sale of all the land, and to this petition the appellant, the son of the deceased, was made a party. An order was made directing the sale of all the land, and John Ruddick, the appellees' grantor, became the purchaser. Sophia Bumb, the widow of the intestate and mother of the appellant, died in the year 1870, and the petition to sell the land was filed in 1873. The administrator accounted to the guardian of the appellant for the proceeds of the sale of the land, and the guardian afterwards paid to the appellant nine hundred and fifteen dollars, which he still retains with knowledge that the money was the avails of the sale of all the real estate remaining after payment of debts.

The court would have had no authority to sell the interest of the appellant's mother had she been living, but the order for the sale of the interest of the mother would have been beyond the power of the jurisdiction of the court. It would

have been void had she been living at the time the order was made, for it is well settled by our decisions that an order directing the sale of the widow's interest to pay the debts of her deceased husband, is void for want of jurisdiction. *Kent* v. *Taggart*, 68 Ind. 163; *Armstrong* v. *Cavitt*, 78 Ind. 476; *Pepper* v. *Zahnsinger*, 94 Ind. 88; *Clark* v. *Deutsch*, 101 Ind. 491, see p. 494; *Bryan* v. *Uland*, 101 Ind. 477. But here the widow died long prior to the time the order was made, and the rule does not apply.

It is a well established rule that children who are made parties to an administrator's petition to pay debts are bound by the order of the court as to existing titles, but not as to titles afterwards acquired. *Elliott* v. *Frakes*, 71 Ind. 412; *Avery* v. *Akins*, 74 Ind. 283; *Kenney* v. *Phillipy*, 91 Ind. 511, and cases cited; *Bryan* v. *Uland, supra;* *Thorp* v. *Hanes, ante,* p. 324.

In this instance, the appellant had title to his mother's one-third interest at the time the petition was filed; that title he acquired at her death in 1870. The judgment on the administrator's petition, it would seem clear, does, therefore, deprive him of title. *Lantz* v. *Maffett*, 102 Ind. 23.

There is still another rule which requires consideration here, and that is this: Where a party is sued in one capacity only, the judgment estops him as to the capacity in which he is sued, and none other. *Craighead* v. *Dalton*, 105 Ind. 72, see p. 76; *Lord* v. *Wilcox*, 99 Ind. 491; *Elliott* v. *Frakes, supra;* *Unfried* v. *Heberer*, 63 Ind. 67; Bigelow Est. 65; Freeman Judg., section 156.

In this case, if the appellant had been sued solely in the capacity of heir of his father, no right subsequently enuring to him as the heir of his mother would have been adjudicated; but here the appellant's mother died in 1870, three years prior to the filing of the petition, and it would seem that the case falls within the rule declared in the cases of *Lantz* v. *Maffett, supra*, *Carver* v. *Carver*, 97 Ind. 497, *Stock-*

Bumb *v.* Gard *et al.*

*well* v. *State, ex rel.*, 101 Ind. 1, and *Craighead* v. *Dalton, supra.*

There is another principle which applies here, and in itself is sufficient to rule the case against the appellant. Where an heir, having full knowledge that all of the estate in the land has been sold on the petition of the administrator, receives and retains the purchase-money remaining after the payment of debts, he can not avoid the sale. He can not have both the money and the land. Equity will not uphold such a claim. In accordance with this general doctrine, it has often been held that an heir who has full knowledge of his right, and with such knowledge receives and retains the purchase-money, can not vacate the sale and obtain the land. This principle is often applied in analogous cases. *Smith* v. *Warden*, 19 Pa. St. 424; *Evans* v. *Snyder*, 64 Mo. 516; *Davis* v. *Handy*, 37 N. H. 65; *Colbert* v. *Daniel*, 32 Ala. 314; *Storrs* v. *Barker*, 6 Johns. Ch. 166; *State* v. *Stanley*, 14 Ind. 409, and cases cited p. 412; *Terre Haute, etc., R. R. Co.* v. *Norman*, 22 Ind. 63, see p. 66; *Morris* v. *Stewart*, 14 Ind. 334.

The record before us shows that the administrator accounted to the appellant for all of the proceeds of the sale, and this distinguishes the case from *Elliott* v. *Frakes, supra,* for there the court said that the inference was that the only avails received by the heirs were those arising from a sale of their interest. It has been held, in accordance with the general principle of equity here stated by us, that if the widow, with knowledge of all the facts, elects to receive the purchase-money, she can not, so long, at least, as she retains the money, successfully dispute the validity of the sale, and that principle must apply here. *Pepper* v. *Zahnsinger, supra.*

Judgment affirmed.

Filed Oct. 8, 1886.