WOOD, ADMINISTRATRIX, *v.* WOOD.

[No. 18,626.    Filed May 24, 1898.]

DECEDENTS' ESTATES.—*Administrator's Sales.*—*Parties.*—The administratrix of a deceased heir is not a necessary party in a proceeding to sell the ancestor's real estate for the payment of debts of such ancestor, and the failure to make her a party will not entitle her to attack the judgment and sale of the land in a collateral action, as such administratrix, as against the purchaser, where the administratrix was the widow and only heir of the deceased heir, and was made a party to such proceeding as such heir.

From the Decatur Circuit Court.    *Affirmed.*

*J. K. Ewing, J. D. Wallingford* and *C. H. Ewing*, for appellant.

*Cortez Ewing* and *Davison Wilson*, for appellee.

JORDAN, J.—This action was commenced by the appellant, Mary M. Wood, as administratrix of the estate of her husband, Alpheus C. Wood, against the appellee, to enforce partition of an undivided interest of which it is alleged her said decedent died seized, and which it is averred will be necessary for her to sell to pay the debts and claims against his said estate. There was judgment in favor of the appellee upon demurrer, and the errors assigned are the overruling of the demurrer to the second paragraph of answer, and the sustaining of the demurrer to appellant's reply.

The material facts, as they appear from said paragraph of answer and the reply, are, in substance, as follows: In 1895, Asa Wood died, intestate, at Decatur county, Indiana, the owner in fee simple of the real estate involved in this action, situated in said county. He left no widow, but left surviving him several children. Among the number was appellant's decedent, Alpheus C. Wood. John A. Wood was by the Decatur Circuit Court appointed the administrator of the estate of Asa Wood, deceased, and was duly qualified as such. After the death of Asa Wood, his said son, Alpheus C. Wood, died intestate, leaving Mary M. Wood as his widow and only surviving heir. Subsequent to the death of Alpheus, the administrator of the estate of Asa Wood filed his petition in the Decatur Circuit Court to sell the lands in dispute for the purpose of paying the debts and claims existing against the estate of his decedent. All of the heirs of the said intestate were made parties to this proceeding, and the said Mary M. Wood was also made a party to said action, as the widow and heir of her deceased husband, Alpheus C. Wood. All of the defendants entered their appearance to the action to

sell, and filed their written consent to the sale of the lands. The appellant, at the time the administrator of Asa Wood instituted his proceedings to sell the real estate, was the administratrix of the estate of Alpheus C. Wood, whose estate at that time it is alleged was insolvent, but she, as such administratrix, was not made a party defendant to the petition to sell. The administrator, under his said proceedings, secured an order of the court to sell the land in controversy, and duly complied with said order by selling and conveying it to the appellee herein, which sale and conveyance was duly approved and confirmed by the court.

The contention of counsel for appellant is that by reason of the fact that she was not made a party in her capacity as administratrix of Alpheus C. Wood's estate, to the petition to sell the lands of his father, that she is not bound by the judgment of the court in that action, and is therefore entitled to attack the judgment in this collateral action, and have the interest of her decedent, as the heir of Asa Wood, in and to the real estate in question, partitioned and sold for the payment of the debts of her said decedent. It is evident that this contention has no legal support and cannot be sustained. They urge upon our consideration, in support thereof, the well settled rule that parties are only bound by a judgment in the capacity in which they are sued, but this principle can have no application under the facts in this action. At the death of Asa Wood the real estate which he then held and owned descended, it is true, to his children, subject, however, to the payment of all the just debts and claims that existed against him at his death, or that might properly accrue against his estate after his decease and before the final settlement of his estate. In contemplation of law, if it were necessary to sub-

ject his realty to a sale in order to pay and discharge such debts and claims, it remained the property of his estate for that purpose, and his administrator, under his petition to sell, it seems, from an inspection of said petition, which was filed as an exhibit in this action, proceeded properly upon the theory that the lands belonged to the estate of his decedent and were subject to be sold for the payment of the debts or obligations existing against such estate. Section 2491, Burns' R. S. 1894, declares who are necessary parties to an administrator's petition to sell, and who are proper parties to such proceedings. The widow, if any, and the heirs, must be made, and are necessary defendants. It is essential that the heirs be made party defendants that they may have an opportunity to resist the prayer of the petition, and, in the event of a sale, that they may be estopped to claim title to the land as such heirs against the purchaser. *Sherry* v. *Denn*, 8 Blackf. 542; *Kent* v. *Taggart*, 68 Ind. 163.

In the event the administrator does not seek to sell the realty of his decedent free from liens, then, and in that event, only such lien holders whose liens he may have reasons to believe are invalid or are discharged in whole or in part may, and should be made, parties to the said action. Holders of valid liens, and persons claiming an interest in, or lien upon, the lands, may, at the instance of the administrator, or upon their own application, be made parties to the proceedings. They are, however, not necessary parties in order to give the court jurisdiction to decree the sale of the land and pass the title of the decedent to the purchaser at such sale. *Lantz* v. *Maffett*, 102 Ind. 23; *Bumb* v. *Gard*, 107 Ind. 575; *Thomas* v. *Thompson*, 149 Ind. 391.

Appellant, in her capacity as the heir of her deceased husband, whose interest in his ancestor's lands

she had acquired as such heir, subject to the payment of the debts of such ancestor's estate, was necessarily made a party.   She stood in the shoes of her husband in respect to his interest, and was bound by the judgment in like manner as he would have been bound had he been in life and made a party to the proceedings.   Certainly, however, appellant was not authorized or empowered under the law, as the administratrix of Alpheus C. Wood, to subject his undivided moiety or interest in the lands in controversy to a sale for the payment of the debts or claims against his estate, so long as such lands were necessarily required to be sold in order to make assets for the payment of the debts and claims against the estate of such ancestor.   Under such circumstances, after the sale of the land, her remedy would be to make application for the moiety of the purchase money remaining after the payment of all debts and claims for which the land had been sold, to which she might be entitled, either as the widow, or as the personal representative of her decedent.

It is manifest, therefore, that appellant, as administratrix, was not a necessary party to the petition to sell, and the failure to make her a defendant in such proceedings will not entitle her to collaterally attack the judgment and the sale of the land, as against the appellee, who became the purchaser thereunder, and holds the realty in dispute by virtue thereof.   There is no error in the record, and the judgment is therefore affirmed.