JOHNSON ET AL. *v.* MILLER.

COVERTURE.—*Pleading.*—*Evidence.*—Coverture is a special defence that must be pleaded, and evidence of it cannot be given under the general denial.

HUSBAND AND WIFE.—*Conveyance to Husband.*—*Widow not Estopped by Destruction of Deed with Consent of Husband.*—Where real estate has been conveyed to a husband, but the deed has afterward been destroyed by his consent without having been recorded, his widow is not estopped thereby from setting up her claim to one-third of the real estate.

WIDOW.—*Takes Real Estate of Husband in Virtue of Marital Rights.*—The third that a widow takes of the lands of which her husband was seized during coverture, in the conveyance of which she did not join, she does not take as heir to her husband, but by virtue of her marital rights, and she cannot be deprived of the same by any act of the husband alone.

From the Madison Circuit Court.

*J. T. Smith, C. D. Thompson, W. R. Pierce,* and *H. D. Thompson,* for appellants.

*J. Smith,* for appellee.

WORDEN, J.—Action by the appellee against the appellants. The defendants were Margaret J. Johnson, James Johnson, David Fessler, John Little, Sr., and Sarah J. Hobbs, all of whom join in this appeal.

The complaint alleges, in substance, that one William Hobbs was the equitable owner of a parcel of land described, the legal title to which was in Joseph P. Ring; that Ring, at the request of Hobbs, conveyed the land to the defendant Margaret J. Johnson; and to secure a part of the purchase-money the said Margaret J. Johnson, together with Fessler and Little, executed to Ring a promissory note, a copy of which is set out, and that Ring, by direction of the owner of the note (Hobbs, we suppose), assigned the note to the plaintiff, which remains due and unpaid.

It is alleged that Sarah J. Hobbs, as the widow of William Hobbs, claims an interest in the land, hence she is made a party, and required to answer. Prayer for judgment on the note against the makers thereof, and that Mrs. Hobbs be enjoined from setting up or asserting any claim to the land.

The defendants all answered, Mrs. Hobbs setting up a

claim to one-third of the land as the widow of her deceased husband, William Hobbs, and Mrs. Johnson setting up a breach of the covenants in her deed, by reason of the interest of Mrs. Hobbs in the land, but averring a readiness to pay whatever might be due on the note upon receiving a conveyance of that interest.

We need not further notice the pleadings, though error is assigned upon some rulings on demurrers, because the counsel for the appellants say that the third error assigned really presents their case, and we agree with the counsel in that respect.

The third error is assigned upon the overruling of the appellants' motion for a new trial.

Upon issue joined, the cause was tried by the court, who found for the plaintiff the amount remaining due on the note against the makers, and that Mrs. Hobbs had no interest in the property, and rendered judgment for the recovery of the money, and that Mrs. Hobbs be forever enjoined from setting up any claim to the land.

One of the reasons assigned for a new trial was the admission of the note sued upon in evidence.

The ground of this objection was, that Mrs. Johnson, the principal in the note, was a married woman, and therefore could not make a valid note. It is a sufficient answer to this objection to say, that her coverture was not pleaded either by Mrs. Johnson or her sureties, Little and Fessler. Coverture is a special defence that must be pleaded, and evidence of it cannot be given under the general denial. Had it been pleaded, we do not see how it could have been available to discharge Little and Fessler from their obligation.

The next ground of the motion was the exclusion by the court of certain evidence offered by the defendants, to which exclusion exception was taken.

On the trial, Joseph P. Ring testified, that the note was given for the land described in the pleadings. He further testified, that he made a deed to William Hobbs; that this deed, it never having been recorded, was destroyed by the

direction of William Hobbs; it was destroyed in the pres-
ence of the witness, Ring, and William Hobbs, by Barnabas
Carver.

The defendants then offered to prove by the witness, that
the deed mentioned was a conveyance of the land described
in the complaint, and the contents of the deed, but the plain-
tiff objected; and it was admitted by the plaintiff that at the
time of the execution of the deed, and at the time of its
destruction, the said Sarah J. Hobbs was the wife of said
William Hobbs, and had no knowledge of the destruction of
the deed; and that William Hobbs afterward died, leaving
her as his widow; that William and Sarah were living apart at
the time the deed was destroyed. And thereupon the court
excluded the evidence offered, and the defendants excepted.

We are of opinion that the court erred in excluding the
evidence offered. A sufficient foundation was laid for the
introduction of parol evidence of the contents of the deed.
If the deed was for the land for which the note was given,
Mrs. Hobbs on the death of her husband became entitled to
one-third of it, and the covenants in Mrs. Johnson's deed
became broken. We suppose the court below excluded the
evidence on the theory that William Hobbs, by consenting
to the destruction of the deed, estopped himself to set up
any title under it, and that Mrs. Hobbs, claiming under him
as his heir, is also estopped. But the third that a widow
takes in such case, she does not take as heir to her husband,
but by virtue of her marital rights. *May* v. *Fletcher*, 40 Ind.
575.

Of the right of a surviving wife to one-third of the land
of which the husband was seized during coverture, she can-
not be deprived by any act of the husband alone; and any
attempt to defraud her of her marital rights, such as would
seem to have been designed in this case, cannot receive the
sanction of the law. For the error in rejecting the evidence
offered, the judgment must be reversed.

The appellee makes the point, that the covenants in Mrs.
Johnson's deed were only nominally broken, and that no

James *et al. v.* The Greensboro, etc., Turnpike Co.

substantial damages were sustained until she was evicted of the third claimed by Mrs. Hobbs. But the plaintiff saw proper to make Mrs. Hobbs a party to the action, and he must, of course, abide by the legitimate results. By making her a party, and seeking to have the whole controversy settled in one suit, he must be deemed to have consented to such disposition of the cause as the rights of the parties might require. And if Mrs. Hobbs succeeds in establishing her claim to a part of the land, it will devolve upon the court to make such order in the premises as may be just and equitable under the circumstances.

The judgment below is reversed, with costs, and the cause remanded for a new trial.