Slack *v.* Thacker *et al.*

No. 9589.

SLACK *v.* THACKER ET AL.

DESCENT.— *Widow.—Second Wife.— Real Estate.— Conveyance.— Statute Construed.*—Where a husband dies leaving a wife and no children by a second marriage, and a child by a former marriage, to which child he had, during the second marriage, conveyed real estate of which he was seized in fee simple, the wife, not having joined in the conveyance, is entitled to one-third of the land in fee simple, by virtue of her marital rights, under the 27th section of the statute of descents, section 2491, R. S. 1881. HOWK, J., dissents.

From the Morgan Circuit Court.

*W. R. Harrison* and *W. E. McCord*, for appellant.
*W. S. Shirley* and *G. W. Grubbs*, for appellees.

WORDEN, J.—Action by the appellant against the appellees to quiet title and to part land.

The facts necessary to be stated are that, in 1867, Thomas Slack, the then husband of the plaintiff, was the owner in fee simple of certain real estate described, situate in Morgan county. In October of that year said Thomas conveyed the land to his son by a former wife, Samuel Slack, but the plaintiff did not join in the conveyance; that afterwards said Thomas Slack died, leaving the plaintiff his widow, and said Samuel Slack his only child, there being no issue of his marriage with the plaintiff. In 1870 Samuel Slack conveyed the land to Martha A., his wife, and that afterwards Samuel Slack died, leav-

ing his widow, Martha A., but no children ; afterwards Martha A. married John T. Thacker, and died, leaving her husband but no children, but leaving a mother and brothers and sisters, who are named.

The court decided, as we understand the record, that on these facts the plaintiff was entitled to a life-estate in one-half of the land ; but we do not see how she was entitled to more than one-third of the land, either for life or in fee. Her husband died leaving only one child, but she did not take anything under the 23d section of the law of descents (1 R. S. 1876, p. 412), because there was no estate in her husband at the time of his death to descend to her. *May* v. *Fletcher,* 40 Ind. 575. But the court decided that the plaintiff was not entitled to the fee in any portion of the land. In this we think the court was in error.

It is clear to our minds that on the facts the plaintiff was entitled to one-third of the land in fee simple. She comes within the letter and spirit of the 27th section of the law of descents, which provides that "A surviving wife is entitled, except as in section seventeen excepted, to one-third of all the real estate of which her husband may have been seized in fee simple at any time during the marriage, and in the conveyance of which she may not have joined, in due form of law," etc.

The case is not affected by the proviso to the 24th section of the act, because the land did not descend to the plaintiff, but she took it in virtue of her marital rights. No estate in the land could descend to her from her husband, because at the time of his death he had no estate in the land. *May* v. *Fletcher, supra.* The proviso in question is as follows : "*Provided,* That if a man marry a second or other subsequent wife, and has, by her, no children, but has children alive, by a previous wife, the land which, at his death, descends to such wife, shall, at her death, descend to his children."

This proviso would seem to be applicable in all cases where the husband is the owner of the land at the time of his death, and a portion descends to the wife, as provided for by sections

23 and 25 of the act. The leading object of it was to keep the property, where there are no children of the second or subsequent marriage, in the family of the husband from whom the property descends to the wife, and can have no application where his title passed out of him in his lifetime by his own conveyance or otherwise. *Brannon* v. *May*, 42 Ind. 92; *Johnson* v. *Miller*, 47 Ind. 376 (17 Am. R. 699); *Bowen* v. *Preston*, 48 Ind. 367.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.

Howk, J.—I dissent from the conclusion reached in this case, for the reasons stated in *Hendrix* v. *Sampson*, 70 Ind. 350.