No. 12,042.

## McKINNEY v. SMITH.

DESCENT.— *Widow.*—*Conveyance of Real Estate by Husband, Wife not Joining.*
—Where a husband conveys real estate, his wife not joining, on his
death she takes one-third thereof in fee simple by virtue of her marital
rights, under section 2491, R. S. 1881, and not as heir under section
2483, and such estate is not subject to the proviso of section 2487.

HUSBAND AND WIFE.—*Conveyance of Real Estate Acquired from Former Hus-
band.*—*Statute Construed.*—Where there are no children, or their descend-
ants, by the marriage in virtue of which real estate came in fee simple
to a widow, she may, under section 2484, R. S. 1881, during a second
or subsequent marriage, her husband joining, alienate the same, irre-
spective of the manner in which she derived her title.

From the Vigo Superior Court.

*N. G. Buff* and *J. T. Pierce*, for appellant.

*C. F. McNutt* and *I. N. Pierce*, for appellee.

MITCHELL, J.—This was a suit for partition. The appel-
lant claimed to be the owner, as tenant in common, with
Lorena Smith, of a certain tract of land in Vigo county.

The facts, as set forth in the complaint, are as follows:
William Smith died July 3d, 1866, leaving Christiana Smith,
his childless widow by a second marriage, and Samuel Smith,
a son by a former wife. During his marriage with Christiana
he conveyed to his son Samuel the tract of land in question,
his wife not joining in the conveyance. After his death his
widow, in the year 1883, intermarried with Elijah McKinney,
and during such subsequent marriage, her husband joining,
she also conveyed her interest in the land previously conveyed
by her first husband, to Samuel Smith. Subsequently, the
grantee, Samuel Smith, died, leaving as his widow and sole
heir the appellee, Lorena Smith.

Upon the facts stated the sole question is, whether the deed
made by Christiana McKinney and her husband Elijah was
a valid conveyance of the interest which she took as surviv-
ing wife of William Smith?

As William Smith did not die seized of the lands in controversy, the estate which his surviving wife took therein did not accrue to her as heir, under section 2483, R. S. 1881. She took an estate in fee simple, by virtue of her marital right, under section 2491, and the estate which she took was not subject to the proviso contained in section 2487. *Slack* v. *Thacker*, 84 Ind. 418 ; *Hendrix* v. *McBeth*, 87 Ind. 287.

But irrespective of the manner in which the appellant derived her title, whether as heir under section 2483, or by virtue of her marital rights as purchaser under section 2491, or whether the estate which she took was subject to the above mentioned proviso or not, she was not subject to the disability, or restraint upon alienation, imposed by section 2484. By the express terms of that section, " in case there be no child or children or their descendants by the marriage in virtue of which such real estate came to such widow," she may, her husband joining, alienate. Whatever, therefore, her interest was, since there was no child or children, or their descendants, as the fruit of the marriage in virtue of which she held such interest, she had the power to alienate it. Having the power, and having exercised it, by the execution of a deed in due form, her entire interest, which, as we have seen, was a fee simple in one-third, was thereby conveyed to her grantee.

As it thus appeared that the appellant had no interest in the land which she sought to have partitioned, there was no error in the ruling of the court in sustaining a demurrer to the petition for partition.

Judgment affirmed, with costs.

Filed May 21, 1886.