Smock, Guardian, *v.* Reichwine *et al.*

No. 12,555.

SMOCK, GUARDIAN, *v.* REICHWINE ET AL.

DECEDENTS' ESTATES.—*Sale of Real Estate.*—*Insane Widow.*—*Guardianship.*—The guardian of a decedent's insane widow had the right to file a written assent for his ward to the petition of the executor in a proceeding instituted in the common pleas court to sell real estate for the payment of the decedent's debts.

SAME.—*Partition Proceeding.*—*Adjudication of Widow's Title.*—Where, after such sale, the guardian brought suit for the partition of the remaining real estate, the common pleas court had jurisdiction in the partition case to adjudicate upon and divest the title of the widow to the real estate sold by the executor to pay the decedent's debts.

SAME.—*Widow Takes as Heir.*—*Parties.*—The widow takes the interest that the law gives her in the real estate of which her husband dies seized, as heir, and not by virtue of her marital rights. She is a proper party to a petition to sell real estate for the payment of the decedent's debts.

From the Marion Superior Court.

*G. W. Galvin, A. C. Harris, W. H. Calkins, C. F. Rooker* and *A. W. Hatch,* for appellant.

*A. W. Hendricks, O. B. Hord, A. Baker, E. Daniels, J. S. Duncan, C. W. Smith* and *J. R. Wilson,* for appellees.

BERKSHIRE, J.—This is an appeal from the judgment of the Marion Superior Court rendered in general term reversing the judgment of the court given in special term.

At the November term, 1883, special term, the appellant, in behalf of his ward, filed his amended complaint in partition, in one paragraph.

To the complaint as amended the appellees filed their joint answer in two paragraphs, and their joint cross-complaint in one paragraph.

Demurrers were filed by the appellant to each of said paragraphs of answer and to the cross-complaint.

The court in special term sustained the demurrers, and the

appellees refusing to amend their pleadings, judgment was rendered for the appellant.

The appellees appealed from this judgment to the general term of said court, and in general term the court overruled the demurrers to the answers and cross-complaint and reversed the judgment given in special term.

From the judgment given in general term the appellant appeals to this court.

The complaint is for the partition of real estate, and contains the usual averments and some additional averments.

It alleges that the appellant's ward is the widow of Matthew Little, who died in the year 1861, seized in fee of the real estate which it describes, and that as such widow Cornelia E. Little, the ward, became the owner in fee of an undivided one-third of the said real estate, and that the defendants, Sarah A. Little, John W. Murphy, the city of Indianapolis and the appellees are the owners in fee of the undivided two-thirds of said real estate.

The answer of the appellees is an answer in confession and avoidance, the general denial not having been filed.

The second paragraph of answer and the cross-complaint go somewhat more into detail than the first paragraph, but the facts as averred are substantially the same in all.

It is stated that Matthew Little died in the year 1861, leaving the ward of the appellant as his widow, and seized of the following real estate in Marion county, Indiana:

The property involved in this litigation; also lot numbered four (4), and eighteen and one-third feet off of the east side of lot numbered five (5), in square sixty-one (61) in the city of Indianapolis; also the undivided one-third of lot numbered six (6), and forty-nine and two-twelfths feet off of the west side of lot numbered five (5), in square sixty-one (61) in the city of Indianapolis.

It is averred that Matthew Little died testate, and that shortly after his death his will was admitted to probate and Samuel I. Little became executor of the estate.

Item *first* of the will is copied into the answer and cross-complaint, and it is stated that this is the only item in the will referring to the said Cornelia E. Little.

By his will the testator devised to the said Cornelia E. Little the equal one-third of all the real estate of which he died seized, free from incumbrances, and the equal one-third of all the personal and mixed property left by him.

Whether she took the estate by inheritance or as devisee is not material to our conclusion, and is therefore not considered.

Her rights were substantially the same in either event.

It is averred that the testator died largely indebted, and that it became necessary to sell a portion of the real estate left by him, to pay the indebtedness, and to that end the executor filed his petition in the common pleas court of Marion county, at the December term thereof, 1865, in which he asked for an order to sell the particular tract of land in controversy; that the appellant's ward and the other heirs of the decedent were named in the petition, and the requisite notice given; that an inventory and appraisement were filed and such other steps taken that, on the 15th day of March, 1866, the said court ordered the *whole* of said parcel of land sold; that afterwards, and on the 1st day of September, 1866, notice thereof having been previously given, the executor sold said real estate in parcels, one parcel to Edward C. Brundage, who afterwards sold and conveyed by warranty deed to the appellee Holle; another parcel to H. S. Mayo, who afterwards sold and conveyed by warranty deed to the appellee Blake, and a third parcel to Margaret J. Hyde, under whom the appellee Reichwine claims title; that the purchasers at the said sale understood and believed that they were buying the entire estate in the several parcels which they purchased, and the executor understood that he was selling the entire estate.

It is further averred that, on the 18th day of June, 1867, in order to forever put at rest all question as to whether or

not the said purchasers acquired all the interest, right and title of the said Cornelia E. Little in and to the said real estate, she, through her guardian, who had been theretofore appointed because of the fact that she was a person of unsound mind, came into the said court of common pleas for said Marion county, and he filed his written consent, as such guardian, that the said sales be taken and held as valid and binding as to his said ward, and as disposing of her interest in and to said real estate.   Before the filing of said written consent, it was agreed by and between the said guardian, for his said ward, and the said heirs of the said decedent, and the said executor, that the said Cornelia E. Little should receive the full one-third of all the real estate of which the said testator died seized, out of the remainder of said real estate ; that after the making of said agreement and the filing of said written consent, the said executor reported said sales to the court, and, pursuant to its order then and there made, he executed deeds to the said purchasers thereat ; that the appraisers, who were appointed to appraise the said real estate, appraised the entire estate at the sum of $9,000, and the sales thereof amounted in the aggregate to $9,957.95.

It is further averred that thereafter, and at the same term of said court, and pursuant to the said agreement, the said Cornelia E. Little, through her said guardian, filed in said court her petition for partition of the real estate owned by the said Matthew Little at the time of his death ; that to this petition the said heirs and executor were made defendants, and being all adults entered their appearance thereto ; that the said petition averred, among other things, the death of Matthew Little, and that the said ward was his widow, the execution and probate of his will, and its provisions as to his said widow, as hereinbefore stated, and describing all of the real estate of which he died seized, the agreement that had been made as to her interest in the tract of land that had been sold, and that the same was to be adjusted by allowing to her the value thereof in the partition of the remaining

real estate; that there was realized from her one-third interest in the said real estate sold the sum of $3,214.47.

The prayer of the petition was for partition, and that a portion in value equal to her undivided one-third interest therein, and an additional portion equal to the value of her interest in the real estate that had been sold by the executor, be set off and assigned to her in severalty.

It is further averred that the defendants filed an answer confessing the allegations of the petition, and that the cause was submitted to the court and such proceedings had that commissioners were appointed to set off and assign to said widow out of said unsold real estate a portion equal to her undivided one-third interest therein, and an additional quantity equal in value to her said interest in the said parcel of land sold by the executor; that afterwards, and at the same term of said court, the said commissioners made their report setting off and assigning to said Cornelia E. Little out of said unsold real estate the following, to wit: the undivided one-third of lot numbered six (6), and forty-nine and two-twelfths feet off of the west side of lot numbered five (5), in square sixty-one (61) in the city of Indianapolis, and said commissioners further reported as a part of their said report that the said real estate so set off and assigned to the said Cornelia E. Little was of as great value as the undivided one-third interest held by her in the real estate partitioned, and added thereto the said sum of $3,214.47 on account of her interest in the real estate that had been sold by the executor; that the said report was approved and the partition as made confirmed, and the report spread of record as a part of the judgment of the court; all of which was done at the same term of court at which the action was commenced.

It is further averred that the real estate set off to the said Cornelia E. Little greatly exceeded in value the full value of one-third of all of the real estate of which the said Matthew Little died seized, and was more productive than the remainder thereof, and much more beneficial to the said widow

than any other part or parcel that could have been set off to her as her portion of said real estate.

The demurrers admit the facts as pleaded in these paragraphs of answer and cross-complaint.

If the facts as pleaded are true, the appellant's case is barren of all equity and rests wholly upon a mere technicality.

The equity of the case seems to be entirely with the appellees.

The rightfulness of the judgment of the superior court in general term depends (1) upon the jurisdiction of the common pleas court to receive and pass upon the written assent filed by the guardian of Cornelia E. Little, in the matter of the petition to sell real estate to pay debts filed by the executor pursuant to the agreement that had been made, and how the order that was made thereafter, directing the executor to make deeds to the purchasers, and the approval thereof, affected her title to that particular real estate ; and (2), whether the common pleas court had jurisdiction in the partition case to adjudicate upon and divest the title of the said widow to the said real estate.

The jurisdiction of the court of common pleas at the time the foregoing proceedings were before it depended almost wholly upon statute law.

At the time the proceedings in question were transpiring the court of common pleas had exclusive jurisdiction in all matters of probate, including guardianships. 2 G. &. H., p. 20, section 4; 2 G. & H., p. 483, section 1 ; 2 G. & H., p. 563, section 1 ; 2 G. & H., p. 574, sections 2, 3.

It was made the duty of the guardian to manage the estate for the best interest of his ward. 2 G. & H., p. 567, section 9, clause 2.

The guardian had power to join in and assent to the partition of real estate belonging to his ward. 2 G. & H., p. 572, section 23; 2 G. & H., p. 575, section 8.

Whenever an executor or administrator discovered that the personal estate of a decedent was insufficient to pay debts,

it became his duty to file a petition for the sale of real estate, in the common pleas court, to pay debts. 2 G. & H., p 506, section 75.

It was made his duty to state in the petition the names of the heirs.

The point is made that the widow takes the interest that the law gives her in the real estate of which her husband dies seized by virtue of her marital rights, and not as heir, and therefore she is not a proper party to a petition to sell real estate for the payment of debts.

We do not concur with counsel in this position.

The Legislature provided forms to be used in the settlement of decedents' estates, and these forms were a part of the statute governing the settlement of decedents' estates in force at the time the proceedings in question were being transacted. The form given for the petition to sell real estate to pay debts names the widow as an heir. 2 G. & H., p. 546, form 28. But this court has decided that, under the statute of descents (R. S. 1881, section 2483), in force when Matthew Little died, the widow takes as heir, and not by virtue of her marital rights. *Hendrix* v. *McBeth,* 87 Ind. 287 ; *Richardson* v. *Schultz,* 98 Ind. 429.

The statute provided for the giving of notice when an administrator or executor filed a petition to sell real estate for the payment of debts. It further provided that adult persons might waive the notice by filing their assent to the sale in writing, and that guardians might assent in like manner for their wards. 2 G. & H., p. 507, section 77.

This statute was applicable to guardians of insane persons. It was made so by virtue of section 8, p. 575, *supra.*

In view of all these statutory provisions, we have come to the conclusion that the guardian of an insane widow may file his written assent, when a petition has been filed by the executor of her deceased husband to sell real estate for the payment of debts, consenting that her interest in the real estate may be sold, if in his judgment it will be to her ad-

vantage that he do so; and, followed by a proper order made by the court, and a sale made thereunder, the result would be to divest her title.

But it is not necessary for us to decide that what was done in the particular case in question, standing alone, and independent of the action in partition, had the effect to divest her title.

This leads us to a consideration of the proceedings in partition, and the effect of the judgment therein rendered. Immediately upon the closing up of all proceedings under the petition by the executor to sell for the payment of debts, the guardian filed his petition for partition.

The heirs and executor entered their appearance thereto. At that point in the proceedings there can be no question but that the court had jurisdiction over the person of each of the parties, and of the subject-matter of the action. It had jurisdiction to settle all questions of title between the parties that were incident to the final result of the action. *Bourgette* v. *Hubinger*, 30 Ind. 296.

The complaint which the guardian filed, as we have seen, contained something more than the ordinary averments in a complaint for partition. The manner in which the title came to Cornelia E. Little is stated, and the sale of her one-third interest in the real estate sold by the executor to pay debts is recited, together with the arrangement which had been made between the heirs and the guardian and the executor as to the repayment to the ward, Cornelia E. Little, for her said interest, by assigning and setting off to her out of the remaining real estate, in addition to her one-third interest therein, a quantity equal in value to that which was sold.

The defendants confessed the petition, the case was submitted to the court, and an order made to set off to the said ward the undivided one-third of the said real estate remaining unsold, and an additional quantity to come out of the same, equal in value to her said interest in the real estate sold by

the executor.    Partition was made and confirmed in accordance with the order.

If the complaint in the action for partition had contained a description of all the real estate of which Matthew Little died the owner, and partition had been asked for, and the identical parcels of said real estate set off to the appellant's ward that were assigned to her, there can be no question but that her title to the real estate sold by the executor would have been divested.    What was done, we think, was that in substance, if not in letter.

The conclusion, it seems to us, necessarily follows, that the question as to whether the title of Cornelia E. Little was divested by the executor's sale was put in issue and determined in the partition case in the common pleas court, and is not now an open question.

The determination of that question was absolutely necessary to the order of partition and the final judgment that was rendered confirming the commissioner's report.    *Gavin* v. *Graydon*, 41 Ind. 559, and cases cited.

The judgment of the superior court is affirmed, with costs.

Filed Jan. 30, 1889.