No. 17,081.

GRAVES v. FLIGOR.

| 140 | • 25 |
|---|---|
| 166 | 420 |

REAL ESTATE.—*Interest of Subsequent Childless Wife in Land in the Conveyance of Which She did not Join.*—A second or subsequent childless wife, surviving her husband, where there are children alive by a former wife, takes a fee simple interest, by virtue of her marital rights, in one-third of all real estate of which her husband was seized at any time during the marriage, in the conveyance of which she did not join.

SAME.—*Statute Construed.—Interest of Wife.*—The amendment to section 2487, R. S. 1881 (Acts of 1889, p. 430), relating to the interest taken in real estate by a subsequent childless wife, etc., does not in any way affect section 2491, R. S. 1881, defining the interest taken by the widow in land held by the husband in the conveyance of which she did not join.

From the Kosciusko Circuit Court.

*H. S. Biggs* and *W. D. Frazer*, for appellant.

*L. W. Royse*, for appellee.

COFFEY, J.—This was an action by the appellant against the appellee to quiet title to real estate described in the complaint.

The material facts in the case, as they are disclosed in the complaint, are that on the 4th day of February, 1891, Jacob Fligor was the owner in fee of the land described in the complaint, and, on that day, he conveyed the same to the appellant, who is his daughter, in consideration of natural love and affection. The appellee, who was at that time his wife, did not join in the conveyance. Jacob Fligor subsequently departed this life, leaving the appellee as his widow, and children by a former marriage. He had no children by the appellee, who was a second and subsequent wife. The appellee claims to own one-third of the land in fee, and it was against this claim that the appellant sought to quiet title, asserting that she has a title to one-third for life only.

An act of the General Assembly, which went into force March 11, 1889, Acts of 1889, p. 430, provides that: ''If a man dies intestate, leaving a widow and child or children, not exceeding two, the personal property of such intestate shall be equally divided among the widow and children, the widow taking an equal share with one child, but if the number of children exceed two, the widow's share shall not be reduced below one-third of the whole: *Provided*, That if a man marry a second or subsequent wife and has by her no children, but has children alive by a former wife, the interest of such second or subsequent childless wife in the lands of the decedent shall only be a life estate, and the fee of the same shall at the death of such husband vest in such children, subject only to the life estate of the widow.''

It is contended by the appellant that this statute, which is an amendment of section 2487, R. S. 1881, is applicable to the facts above stated, and that under its express provisions the appellee has only a life estate in the lands in dispute, while, on the other hand, it is contended by the appellee that the case is governed by section 2491, R. S. 1881, which is as follows: ''A surviving wife is entitled, except as in section seventeen (section 2483) excepted, to one-third of all the real estate of which her husband may have been seized in fee-simple at any time during the marriage, and in the conveyance of which she may not have joined in due form of law.'' * * *

It is to be observed that under the facts stated in this case Jacob Fligor divested himself of all title and interest in the real estate in controversy during his life so that at the time of his death there was nothing to descend to his heirs. It is plain, therefore, that the appellee could not take an interest in the land under the provisions of section 2487, R. S. 1881, *supra*, because the interest she would take under that section must go to her by descent.

Graves *v.* Fligor.

*May* v. *Fletcher*, 40 Ind. 575; *Slack* v. *Thacker*, 84 Ind. 418; *Hendrix* v. *McBeth*, 87 Ind. 287; *McKinney* v. *Smith*, 106 Ind. 404.

We are of the opinion that the appellee takes her interest in the land in dispute under the provisions of section 2491, *supra*. The interest which the widow takes under the provisions of that section is an interest in fee.

In the case of *Slack* v. *Thacker*, *supra*, it was said by this court, under a state of facts similar to those involved in this case: "It is clear to our minds that on the facts the plaintiff was entitled to one-third of the land in fee-simple. She comes within the letter and spirit of the 27th section (2491) of the law of descents. * * * The case is not affected by the proviso to the 24th section (2487) of the act because the land did not descend to the plaintiff, but she took it in virtue of her marital rights."

We do not think the amendment of section 2487, *supra*, in any way affected section 2491, and the interest taken by the widow in the lands of which her husband was seized at any time during the marriage, in the conveyance of which she did not join is a fee-simple interest.

It follows from this conclusion that the circuit court did not err in sustaining the demurrer of the appellee to the complaint in this case.

Judgment affirmed.

Filed Nov. 20, 1894; petition for rehearing overruled Jan. 29, 1895.