## DAVIS ET AL. *v.* KELLEY.

[No. 22,104. Filed February 2, 1912. Rehearing denied December 20, 1912.]

1. HUSBAND AND WIFE.—*Wife's Inchoate Interest in Husband's Lands.—Judicial Sales.—Title Acquired by Wife.—Statutes.—* Under §3052 Burns 1908, §2508 R. S. 1881, on the consummation of a judicial sale of real estate in which a married woman has an inchoate interest, by virtue of her marriage, which has not been

directed by the judgment to be sold or barred, a fee simple title vests in her, not by descent, but by virtue of her marital right, so that, though a woman at the time of a judicial sale of her husband's land, was the third and childless wife of such husband and he had children by a previous marriage, neither her rights under such section, nor those of her grantee, were affected by §2487 R. S. 1881, in force at the time, providing that land which, at the death of a·husband, descends to a second or other subsequent childless wife, shall, at her death, descend to his children by a previous wife, since the latter section embraced only the lands of which the husband died siezed. p. 16.

From Johnson Circuit Court; *Ira W. Christian,* Special Judge.

Action by Mary A. Davis and others against Anna Kelley. From a judgment for defendant, the plaintiffs appeal. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Affirmed.*

*W. A. Johnson, R. M. Miller, H. C. Barnett, E. L. Brannigin* and *Thomas Williams,* for appellants.

*Carl H. Weyl, L. Ert Slack* and *Morris M. Townley,* for appellee.

MONKS, J.—It appears from the record that William and Martha Needham were husband and wife, she being his third wife, childless by him, and he having children alive by a former marriage. William Needham mortgaged certain of his real estate, his wife not joining. Subsequently he conveyed such real estate to his nephew, William H. Needham, his wife not joining. Subsequently the mortgage above mentioned was foreclosed, the property was sold under the decree, there was no redemption, and a sheriff's deed was executed to the purchaser. The interest of Martha Needham, as wife of William Needham, was not sold or barred as the result of the sheriff's sale. Subsequent to the execution of the sheriff's deed, Martha Needham commenced an action for partition against the purchaser at the sheriff's sale under §1, Acts 1875 p. 178, §3052 Burns 1908, §2508 R. S. 1881. In said action she was adjudged to be the owner of one-fifth

of said tract, and partition was had accordingly. She entered into possession of the land set off to her in the year 1885, and retained possession until her death. William Needham died in 1894, leaving Martha Needham, his widow, with no children by him, but he having children and grandchildren alive by a former marriage. In 1900, Martha Needham executed a deed conveying the tract of land in question to appellee, Anna Kelley, who was a daughter of Martha Needham by a previous marriage. Martha Needham died intestate in 1905, leaving Anna Kelley as her sole heir at law. Appellants, who are children and grandchildren of William Needham by his first marriage, claim title by descent from Martha Needham, under the proviso of §24 of the statute of descents, enacted in 1852 (1 R. S. 1852 p. 248, §2487 R. S. 1881), which was in force at the time title to the land in controversy vested in said Martha Needham under the act of 1875 (Acts 1875 p. 178, §1, §3052 Burns 1908, §2508 R. S. 1881). The trial court did not sustain this contention, but held that Martha Needham took said real estate in fee simple under §27 of the statute of descents (§3029 Burns 1908, §2491 R. S. 1881), by virtue of her marital rights and that appellee owned the same in fee simple under the deed of said Martha Needham to her, and rendered judgment quieting her title thereto. If said §24 of the act of 1852, *supra,* applies this case must be reversed, if not, it must be affirmed. Said §24, *supra,* reads as follows: ''If a man die intestate, leaving a widow and a child, or children not exceeding two, the personal property of such intestate shall be equally divided among the widow and children; the widow taking an equal share with one child, but if the number of children exceed two, the widow's share shall not be reduced below one-third of the whole; *Provided,* That if a man marry a second or other subsequent wife, and has by her no children, but has children alive by a previous wife, the land which at his death, descends to such wife, shall, at her death, descend to his children.''

Section 1 of the act of 1875, *supra,* reads as follows: "In all cases of judicial sales of real property in which any married woman has an inchoate interest by virtue of her marriage, where the inchoate interest is not directed by the judgment to be sold or barred by virtue of such sale, such interest shall become absolute and vest in the wife in the same manner and to the same extent as such inchoate interest of a married woman now becomes absolute upon the death of the husband, whenever, by virtue of said sale, the legal title of the husband in and to such real property shall become absolute and vested in the purchaser thereof, his heirs or assigns, subject to the provisions of this act, and not otherwise. When such inchoate right shall become vested under the provisions of this act, such wife shall have the right to the immediate possession thereof; and may have partition, upon agreement with the purchaser, his heirs or assigns, or upon demand, without the payment of rent, have the same set off to her."

A proper construction of the act of 1875, as applied

1.  to the facts of the present case, requires the determination of the law prior to its passage. Under the statutes of 1852, a wife's inchoate interest in the real estate of her husband might become absolute in two ways: (1) Where a husband died seized of real estate, the widow took by descent, as her husband's heir, under §17 of the statute of descents (§2483 R. S. 1881, §3014 Burns 1908). (2) Where the husband's title was divested during coverture, the wife not joining in any conveyance, the wife took, on surviving her husband, not by descent, but by virtue of her marital rights, under §27 of the statute of descents (§3029 Burns 1908, §2491 R. S. 1881). *Fletcher* v. *Holmes* (1870), 32 Ind. 497; *May* v. *Fletcher* (1872), 40 Ind. 575; *Bowen* v. *Preston* (1874), 48 Ind. 367; *Brannon* v. *May* (1873), 42 Ind. 92; *Johnson* v. *Miller* (1874), 47 Ind. 376, 17 Am. Rep. 699; *Hendrix* v. *McBeth* (1882), 87 Ind. 287; *McKinney* v. *Smith* (1886), 106 Ind. 404, 7 N. E. 3; *Fry* v. *Hare* (1906),

166 Ind. 415, 420, 77 N. E. 803; *Keener* v. *Grubb* (1909), 44
Ind. App. 564, 567, 89 N. E. 896, and cases cited.

Said §27 reads as follows: ''A surviving wife is entitled,
except as in section seventeen [§2483] excepted, to one-third
of all the real estate of which her husband may have been
seized in fee-simple at any time during the marriage, and in
the conveyance of which she may not have joined, in due
form of law, and also of all lands in which her husband had
an equitable interest at the time of his death. *Provided,*
that if the husband shall have left a will, the wife may elect
to take under the will instead of this or the foregoing pro-
visions.'' What application, if any, has said §24 of the act
of 1852 to said two classes of cases mentioned? The pro-
viso to this section enacts that ''if a man marry a second
or other subsequent wife, and has by her no children, but
has children alive by a previous wife, the land which, at
his death, descends to such wife, shall, at her death, descend
to his children.'' It is to be observed that the only land
which by the terms of this statute is made to descend from
the second or subsequent childless wife to the children of
the husband by a former marriage is the land which descends
to the second or subsequent childless wife at the death of her
husband, but the only land which descends to the second or
subsequent childless wife at the death of her husband is the
land of which the husband died seized. Where the hus-
band's title was divested during coverture, the wife takes
not by descent, but by virtue of her marital rights under
said §27. It follows that the land which a widow takes by
virtue of her marital rights does not descend to her at her
husband's death, and, hence, by the terms of §24 does not
descend at her death to the children of the first or former
marriage. *Slack* v. *Thacker* (1882), 84 Ind. 418; *Hendrix*
v. *McBeth, supra; Graves* v. *Fligor* (1895), 140 Ind. 25, 38
N. E. 853; *McKinney* v. *Smith, supra; Fry* v. *Hare, supra;
Haggerty* v. *Wagner* (1897), 148 Ind. 625, 631, 632, 48 N.
E. 366, 39 L. R. A. 384.

In *Slack* v. *Thacker, supra,* this court said: "It is clear to our minds that on the facts the plaintiff was entitled to one-third of the land in fee simple. She comes within the letter and spirit of the 27th section of the law of descents, which provides that 'A surviving wife is entitled, except as in section seventeen excepted, to one-third of all the real estate of which her husband may have been seized in fee simple at any time during the marriage, and in the conveyance of which she may not have joined, in due form of law,' etc. The case is not affected by the proviso to the 24th section of the act, because the land did not descend to the plaintiff, but she took it in virtue of her marital rights. No estate in the land could descend to her from her husband, because at the time of his death he had no estate in the land. *May* v. *Fletcher, supra.* The proviso in question is as follows: '*Provided,* That if a man marry a second or other subsequent wife, and has, by her, no children, but has children alive, by a previous wife, the land which, at his death, descends to such wife, shall, at her death, descend to his children.' This proviso would seem to be applicable in all cases where the husband is the owner of the land at the time of his death, and a portion descends to the wife, as provided for by sections 23 and 25 of the act. The leading object of it was to keep the property, where there are no children of the second or subsequent marriage, in the family of the husband from whom the property descends to the wife, and can have no application where his title passed out of him in his lifetime by his own conveyance or otherwise. *Brannon* v. *May* [1873], 42 Ind. 92; *Johnson* v. *Miller* [1874], 47 Ind. 376, 17 Am. Rep. 699; *Bowen* v. *Preston* [1874], 48 Ind. 367."

In *Hendrix* v. *McBeth, supra,* John Hendrix, during his marriage with appellant, conveyed certain real estate to one Minkler, in the conveyance of which appellant, his wife, did not join. Afterward Hendrix died leaving said appellant surviving him as his widow. Appellant was the second wife of said Hendrix, and had no children by him but said Hen-

drix left children surviving him by a former marriage. The court held that appellant in that case, the second, childless wife of said Hendrix, was entitled to one-third in fee simple of the land in the conveyance of which she did not join, under §27, *supra,* by virtue of her marital rights and not as heir, and that §24, *supra,* did not apply. The court said on page 291: ''The 27th section of the statute gives a fee to the wife, whether a first or subsequent wife; it says the wife generally, without reference to the first or subsequent wife, shall be entitled, etc. If by this section the first wife takes a fee, so does the second. It has been decided several times, and has never been questioned so far as we know, that, under this section, the wife takes a fee. *May* v. *Fletcher, supra; Bowen* v. *Preston* [1874], 48 Ind. 367. There is no provision of the statute which limits this section other than the exception contained in the 17th section. We have shown that, as nothing descends under the 27th section from the husband to the wife, the proviso to the 24th section cannot apply to this case, and as no modification of the 27th section is found in any other provision of the statute, it must follow that the appellant takes a fee in the land in controversy. *Slack* v. *Thacker* [1882], 84 Ind. 418; *Taylor* v. *Stockwell* [1879], 66 Ind. 505.''

In *McKinney* v. *Smith, supra,* it was again held that when a husband conveys real estate, his wife not joining therein, on his death she takes one-third thereof in fee simple by virtue of her marital right under said §27, and not as heir under §3014, *supra,* and such estate is not subject to the proviso of §24, *supra.*

In *Fry* v. *Hare, supra,* Fry during a second marriage conveyed land, in the conveyance of which his wife did not join. After the death of said Fry his said second wife, who had no children by him, conveyed said land. The children of said Fry by his first marriage claimed to own said land, so conveyed by said childless widow, by virtue of the proviso to §24, *supra.* This court said on page 420: ''Sections 2652,

2660 Burns 1901, §§2491, 2499 R. S. 1881, have been construed frequently, and it has been held uniformly that the inchoate interest of the wife, attaching as an incident of the seizin of the husband during marriage, is not divested or defeated by any act of the husband alone, and can be barred only by a conveyance in which she joins, or by the exercise of the power of eminent domain, or by some other proceeding to which all estates are subject. The interest of the wife is conditional, depending upon her survivorship; and in the event of her husband's death first during marriage she takes a fee-simple title, not as heir, but in the nature of a purchaser, and by virtue of the marital relation. *Rank* v. *Hanna* (1854), 6 Ind. 20; *Verry* v. *Robinson* (1865), 25 Ind. 14, 87 Am. Dec. 346; *May* v. *Fletcher* (1872), 40 Ind. 575; *Brannon* v. *May* (1873), 42 Ind. 92; *Bowen* v. *Preston* (1874), 48 Ind. 367; *Hendrix* v. *McBeth* (1882), 87 Ind. 287; *Garrison* v. *Moore* (1886), 106 Ind. 296 [6 N. E. 629], 55 Am. Rep. 742; *Frain* v. *Burgett* (1898), 152 Ind. 55 [50 N. E. 873, 52 N. E. 395], * * * The sections of the statutes under consideration apply to a second or subsequent childless wife as well as to the first and childbearing wife. When the husband by a sale or conveyance divests himself of lands owned during marriage, nothing remains to descend under §2487 R. S. 1881, but the interest of his widow accrues by virtue of the provisions of §2652, *supra,* and is a fee simple. *Graves* v. *Fligor* (1895), 140 Ind. 25; *Hendrix* v. *McBeth, supra; Slack* v. *Thacker* (1882), 84 Ind. 418. It follows that Elizabeth Fry acquired a fee simple in one-third of the land involved, and had a right to convey her title.''

It is evident that when a husband's land was sold at judicial sale prior to the taking effect of said act of 1875 (Acts 1875 p. 178, §3052 Burns 1908, §2508 R. S. 1881), and the husband subsequently died leaving his wife surviving him, the wife took title in fee simple, not by descent, but by virtue of her marital rights under said §27, and if such wife were a second or subsequent childless wife, her title thereto would

not be affected by the proviso in said §24. Has said act of
1875 changed this rule? The primary purpose of said act is
clear. Prior to that time, where a husband's land was sold
at judicial sale, the inchoate interest of the wife did not be-
come absolute until the husband died, leaving the wife sur-
viving him. During the husband's lifetime, the entire title,
together with the right of possession, was vested in the pur-
chaser at the judicial sale. If the wife died during the hus-
band's lifetime, her inchoate right was defeated altogether,
and the title of the purchaser at the judicial sale became
absolute. The purpose of the act of 1875 was to alter these
rules of law, by providing that the wife's interest should be-
come absolute without reference to her survivorship of her
husband. *Baker* v. *McCune* (1882), 82 Ind. 339, 341; *Tay-
lor* v. *Stockwell* (1879), 66 Ind. 505, 508, 509; *Paulus* v.
*Latta* (1884), 93 Ind. 34; *Jackman* v. *Nowling* (1879), 69
Ind. 188, 194; *Davis* v. *Rupe* (1888), 114 Ind. 588, 17 N. E.
163.

The evident purpose of said act of 1875 was to hasten the
time at which the wife's inchoate interest should become ab-
solute in cases of judical sales. To this extent and for this
purpose the previous law was changed. Section 1 of said
act of 1875 provides that ''In all cases of judicial sales of real
property, in which any married woman has an inchoate in-
terest, * * * such interest shall become absolute, and
vest in the wife in the same manner and to the same extent
as such inchoate interest * * * now becomes absolute
upon the death of her husband,'' etc. The expression ''now
becomes absolute'' manifestly has reference to the rules of
law in force prior to the passage of the act of 1875. The act
says, in effect, that ''such inchoate interest'' shall hereafter
become absolute at the consummation of the judicial sale ''in
the same manner and to the same extent'' as ''such inchoate
interest'' theretofore became absolute upon the death of her
husband.

It is said in reference to said act of 1875 in *Jackman* v.

*Nowling, supra,* at page 193: "There can be no doubt, we think, that, under these provisions of the statute, the appellee took precisely the same interest in the lands described in her complaint, upon the execution of the sheriff's conveyance thereof to the appellants, that she would have taken therein without the statute, upon the death of her husband leaving her surviving him, under the provisions of §27 of the statute of descents."

As the inchoate interest of the wife in the land of her husband in the conveyance of which she did not join vested in her and became absolute on the death of her husband prior to the taking effect of said act of 1875, under §27, *supra* (§3029 Burns 1908, §2491 R. S. 1881), it follows that under said act of 1875 the inchoate interest of the wife in her husband's land sold at judicial sale vests and becomes absolute under said §27, *supra,* on the consummation of such sale, regardless of whether such wife is a second or subsequent wife with or without children by such husband, or is a first wife with or without children by such husband. It is clear, therefore, that said Martha Needham took the land in controversy in fee simple under said §27, *supra,* by virtue of her marital rights and not as heir, and that the proviso of §24, *supra,* has no application to this case.

Section 3 of said act of 1875 provides for the descent of the real estate vested in the wife by virtue of the provisions of said act, and as to her power to alienate the same under certain conditions, but these provisions are not involved in this case.

Judgment affirmed.

Morris, C. J., did not participate.

Note.—Reported in 97 N. E. 336. See, also, 14 Cyc. 927. As to the validity and effect of statutes affecting property rights based on preëxisting marriages see note in 84 Am. St. 437.