JOHNSON, ADMINISTRATOR, ET AL. *v.* MYLES ET AL.

[No. 17,966. Filed May 19, 1950. Rehearing denied June 28, 1950. Transfer denied October 4, 1950.]

*Johnson, Zechiel & Johnson; George S. Elliott* and *L. Roy Zapf,* all of Indianapolis, and *Archie J. Kahl,* of Danville, for appellants.

*Frank T. Brown; Dunbar & Dunbar, Max White* and *Clarence R. Martin,* all of Indianapolis, for appellees.

BOWEN, J.—This is an appeal from a judgment upon a petition fjled by Emsley W. Johnson, as administrator of the estate of William H. Rowney, decedent, to sell real estate to make assets to pay debts.

William H. Rowney died intestate and he was not survived by a wife, child, nor children, nor by any child, children of a deceased child or children, nor by a father or mother, nor grandfather or grandmother, nor by brothers or sisters, or descendants of any brothers or sisters, nor by aunts or uncles. Prior to his death, his wife, Stella H. Rowney, died intestate survived by William H. Rowney, but she left no child or children, nor child or children of a deceased child or children, and no father, no mother, no grandfather, nor grandmother, no aunts or uncles, and no brothers or sisters or their descendants.

The decedent, William H. Rowney, died seized of three parcels of real estate which is hereafter referred to in this opinion as Tracts 1, 2, and 3. Tract No. 1 pursuant to notice and proper order of the court was sold for $46,200. After payment of the mortgage outstanding against it and accrued taxes, all in accordance with the court's order, there was left in the hands of the administrator a substantial balance, and the court ordered such balance impounded in the hands of the administrator until it was determined whether it would be necessary to sell additional real estate, and until the rights of the interested parties thereto were determined.

The question presented by the administrator in his petition was whether he could use any of the funds from Tract No. 1 to pay the mortgages and taxes against Tracts Nos. 2 and 3, or in excess of its proportionate part of other debts of decedent and the costs of administering his estate, and the administrator requested a court order as to what should be done with

the surplus funds remaining from the sale of Tract No. 1.

The appellants are the maternal and paternal first cousins of the decedent's wife, Stella Rowney, who preceded him in death, and the appellees are the maternal first cousins and paternal second cousins of the decedent, William H. Rowney. The five maternal first cousins (Bowser-Myles) have not assigned cross-errors upon the decision of the probate court which holds that the paternal second cousins (Steinle-Day) are entitled to ½ of Tracts 1 and 2. No controversy, therefore, exists between the appellees, and the questions before this court all arise upon appellants' assignment of error.

The administrator's petition posed the following problems for the lower court's determination: If the proceeds from the sale of one tract could be legally used to pay all three mortgages then it would not be necessary to sell more than one tract, but if because of diversity of ownership of several tracts, the proceeds of one sale could not be used to pay mortgage obligations on the remaining, in that event, each of the tracts would have to be sold to discharge its own separate mortgage. If on the death of decedent, William H. Rowney, pursuant to Section 6-2305, Burns' 1933, the title to Tracts 1 and 2, as a matter of law, would revert to the maternal and paternal first cousins of Stella Rowney, the administrator could not legally divert any funds from the sale of either of the same to pay the mortgage and tax liens or proportionate parts of the debts and costs of administration chargeable against Tract No. 3 which belonged wholly to the maternal first cousins of decedent, William H. Rowney.

At the time of the death of decedent, William H. Rowney, the title to Tracts 1 and 2 had become vested in the decedent on the occasion of the prior death of

his wife, Stella Rowney, Tract No. 1 had become vested in Stella Rowney, deceased, prior to her death by inheritance and conveyance from her father's blood-line, the Hessongs. Tract No. 2 had become vested in Stella Rowney through her mother's blood-line, the Hiltons. In addition to there not being sufficient personal property to pay the debts of William H. Rowney, decedent, and the costs of the administration of the estate, each of the three tracts of real estate of which William H. Rowney died seized, had at the time of his death, outstanding separate mortgages against them together with tax liens. All of these mortgages had been executed by William H. Rowney and his wife, Stella Rowney, prior to their respective deaths.

The appellants do not object to the holding of the court as to Tract No. 3, but they question the character of the title vested in William H. Rowney on the death of his wife, Stella Rowney, as to Tracts Nos. 1 and 2.

Tracts Nos. 1 and 2 became vested in William H. Rowney on the death of his wife, Stella Rowney, by virtue of provisions of Section 6-2324. However, they contend that the decedent received such title by virtue of descent as an heir of Stella Rowney and as to said tracts, she was his ancestor for the purpose of the determination of the ancestral blood-line of the same under Section 6-2305. The appellees contend that a proper construction of Section 6-2305 did not cast the title to Tracts 1 and 2 to the ancestral blood-line of Stella Rowney.

The lower court held that Tract No. 3 came to decedent by gift, devise, or descent, from the maternal line and that the same was vested in the appellees as maternal kindred. The lower court also held that title to Tracts 1 and 2 became vested in equal parts—½ to the decedent's William Rowney's paternal ancestors

and ½ to his maternal ancestors, and the court ordered that the administrator pay out of the funds of the estate the indebtedness on Tracts 1 and 2 and the indebtedness on Tract No. 3 which was owned by the maternal next-of-kin of decedent and that on final distribution, it was ordered to pay to the maternal kin of decedent, William H. Rowney, an amount equal to ½ of the amount paid out on the Tract No. 3 indebtedness before proceeding to final distribution.

Error assigned for reversal is that the court erred in overruling the appellants' motion for a new trial, grounds of which motion are that the decision of the court is contrary to law and is not sustained by sufficient evidence. No contention is made by the parties that it was not necessary for the administrator to sell at least one of the tracts of real estate to make assets to pay decedent's indebtedness.

The assignments of error present the following questions: Whether the court erred in holding that the paternal first cousins of decedent's predeceased wife and that the maternal first cousins of decedent's predeceased wife have no interest or ownership in the real estate of which William H. Rowney died seized. Appellants claim that William H. Rowney took title to Tracts 1 and 2 by statute on his wife's death as her heir and that his wife as to said property was his ancestor, and that, therefore, on his death these tracts go to the blood heirs of Stella Rowney, citing Section 6-2305, Burns' 1933, *supra,* and that the court erred in directing the administrator to use the proceeds of Tract No. 1 for the payment of all costs and expenses and that these funds belong to the paternal first cousins of Stella Rowney, and that Tract No. 2 belongs to the maternal first cousins of Stella Rowney.

The question presented by this appeal is one of first impression in this State. This is the first instance in

the recorded cases in which the paternal and maternal cousins of a predeceased spouse claim ownership by descent of property from the surviving husband at his death, which property he acquired from his predeceased spouse by inheritance and died seized thereof, leaving no heirs closer than first cousins.

The determination of this question depends upon the nature and character of the estate which William H. Rowney inherited from his wife, Stella Rowney, and held therein, under the circumstances. There are no common law canons of descent in this state, and the devolution of property is entirely statutory. Our statutes are largely based upon the Roman law of succession. We must, therefore, look to the language of the statutes involved and the decisions of our courts interpreting the statutes of descent.

The title to the property in question, Tracts 1 and 2, was acquired by William H. Rowney, decedent, during his lifetime upon the death of his wife, Stella Rowney, by virtue of the provisions of Section 6-2324, Burns' 1933, which are as follows:

> "If a husband or wife die intestate, leaving no child and no father or mother, the whole of his or her property, real and personal, shall go to the survivor. (1 R. S. 1852, ch. 27, Sec. 26, p. 248.)"

It is well to note also Section 6-2312 Burns' 1933, which provides:

> "Every rule of descent or distribution prescribed by this act shall be subject to the provisions made in behalf of the surviving husband or wife of the decedent. (1 R. S. 1852, ch. 27, Sec. 15, p. 248.)"

Since William H. Rowney died intestate leaving only first and second cousins surviving him, and no heirs within the meaning of other provisions of the statute, the statute of descent applicable to the circumstances,

if any, is Section 6-2305 Burns' 1933, which provides in substance: First, if the inheritance came by gift, devise, or descent from the intestate's paternal line, it shall go to his paternal kindred; second, if it came by gift, devise, or descent from the intestate's maternal line it shall go to his maternal kindred; third, if it came to the intestate otherwise than by gift, devise, or descent, then the statute provides that it be equally divided between the paternal and maternal kindred, or on failure of either line, the other takes the whole.

There is no dispute between the parties to this appeal as to the fact that as to Tract No. 3, that William H. Rowney acquired the same by virtue of inheritance from his maternal kindred, and the decision of the lower court that the maternal first cousins of William H. Rowney were the owners by inheritance of Tract No. 3 is not questioned in this appeal. However, Tracts 1 and 2 did not come to the decedent from his maternal or paternal kindred nor by any blood lines but he acquired the same by inheritance from his deceased wife, Stella H. Rowney.

The appellants contend that Tracts 1 and 2 should go to the blood heirs of Stella H. Rowney since Tract No. 1 was originally inherited by her from her father, and Tract No. 2 came by inheritance from her mother, and that under the construction of the Indiana Laws of Descent contended for by appellants that when title to Tracts 1 and 2 at the time of her death was cast by statute on her surviving husband, William H. Rowney, his said wife as to such property was his ancestor, and upon his death without heirs closer than first cousins the same should revert to her blood heirs.

The appellant relies upon a number of decisions which hold that a spouse takes the estate conferred by statute from a deceased spouse as an heir and by descent. *Ames* v. *Conry* (1927), 87 Ind. App. 149, 165

N. E. 435; *State ex rel. Lockhart* v. *Mason* (1863), 21 Ind. 171; *Fletcher* v. *Holmes* (1870), 32 Ind. 497; *May* v. *Fletcher* (1872), 40 Ind. 575; *Bowen* v. *Preston* (1874), 48 Ind. 367; *Brown* v. *Harmon* (1881), 73 Ind. 412; *Smock* v. *Reichwine* (1888), 117 Ind. 194, 19 N. E. 776; *Davis* v. *Kelley* (1912), 179 Ind. 13, 97 N. E. 336; *Rountree* v. *Pursell* (1895), 11 Ind. App. 522, 39 N. E. 747.

A careful examination of the authorities compels the conclusion that a husband is only an heir of his widow in a special and limited sense. *Ames* v. *Conry, supra; Fletcher* v. *Holmes, supra; Unfried* v. *Heberer* (1878), 63 Ind. 67; *McNutt* v. *McNutt* (1889), 116 Ind. 545, 19 N. E. 115; 2 *L. R. A.* 372.

While, as stated by Henry's Probate Law, that under the statutes it has been held that heirs are not born, but are made by the law, "that they are haeredes facti and not haeredes nati;" (2 *Henry's Probate Law & Practice* [5th Ed.], § 824, p. 1180), Judge Elliott writing in *Fletcher* v. *Holmes, supra,* in referring to the nature of the estate conferred upon the widow by statute as an heir and by descent from her husband stated: "She cannot, perhaps, be said to be an *heir* in the strict common law sense of the term, by which *heir* is defined to be 'one born in lawful matrimony, who succeeds by descent, right of blood, and by act of God, to lands, tenements, or hereditaments, being an estate of inheritance.' "

The very nature and object of ancestral inheritance in the common law sense was to keep the inheritance in the blood of the family by whom it was acquired, to continue an estate in the family of the intestate with the principal idea of preserving the property to the relationship of such blood. Property coming from one spouse to another does not come

within the spirit of such rule or statutory enactments relating to the same.

A logical construction of Section 6-2305, Burns' 1933, upon the basis of the entire Act and the purposes for which it was enacted considering the third specification in connection with the first two specifications, would be that the Legislature intended by the provisions of the third specification to provide that if an estate came to the intestate otherwise than by gift, devise, or descent (from the paternal or maternal kindred which were referred to in specifications one and two), it shall be divided into equal parts, one of which shall go to the paternal and the other to the maternal kindred.

There is nothing within the wording of such statute which would cast such estate upon the ancestral blood of the deceased spouse, nor could a deceased spouse in any sense be held to be the maternal kindred or paternal kindred of the decedent.

The husband by virtue of Section 6-2324 acquired an absolute title to this estate upon the death of his wife which was clearly subject to alienation during his lifetime. To qualify such title by holding that such title would remain absolute to his heirs upon his death intestate only if he died leaving heirs other than first cousins in which event it would go to the heirs of the blood of his deceased spouse, seems unwarranted from a consideration of our statutes of descent. Furthermore, he did not take the estate from his deceased wife by reason of any blood relationship.

Some states, such as California, have enacted statutes which provide that property which came to a person by gift, devise, or descent from a former deceased husband or wife, descends on his or her death intestate and without issue, to the lineal descendants of such

former husband or wife in the manner prescribed by statute. In the absence of such a statute in this state, we cannot construe the existing statutes so as to cast the estate of a decedent under such circumstances to the blood relatives of the deceased spouse.

The case of *Cornett* v. *Hough* (1893), 136 Ind. 387, 35 N. E. 699, relied upon by appellants is not applicable to the facts in the case at bar, nor determinative of the issues raised herein, since such case involved the interpretation of the "half-blood" statute, now Section 6-2306, Burns' 1933.

For the reasons given herein the lower court did not err in overruling appellants' motion for a new trial. Judgment affirmed.

NOTE.—Reported in 92 N. E. 2d 322.